## KITTRIDGE *v.* STEVENS.

IN suit to recover money due on a promissory note, and to establish a lien for the amount upon certain real estate purchased with money advanced by plaintiff to defendant, and for which advance the note was given, the Clerk entered judgment by default for the amount of the note. Plaintiff, having exhausted his remedies on this judgment, by execution and proceedings supplementary thereto, obtained from the Court a decree for the equitable relief sought in the complaint, to wit: for a lien upon, and a sale of the real estate. *Held,* that this decree was *coram non judice,* and void—assuming the judgment by the defendant to be valid. Such judgment, if valid, terminated the controversy, and whatever related to the merits of the case was merged in the judgment.

Doubtful, whether the Clerk could enter judgment, in action of this nature, without application to the Court. This point reserved.

APPEAL from the Seventh District.

Complaint, with usual averments, on a promissory note for $1,250, executed by the defendant to the order of plaintiff. It is also alleged, that defendant, at the time of making his note—as part of the same transaction, and on the same sheet of paper—made and delivered to plaintiff a writing as follows: "This is to certify, that the above note is given for money to purchase a ranch or farm in Alamo, and is understood to be as purchase money on said ranch or farm; for which I consider the above ranch or farm holden for said moneys and interest.

(<i>Signed</i>) "CHAS. O. STEVENS.

"SAN FRANCISCO, Dec. 5th, 1857."

Complaint then averred it to be the true intent and meaning of this writing, that a certain farm, about to be purchased by defendant, should be held by him in trust for the payment of said $1,250 purchase money advanced by plaintiff; that the farm was purchased by defendant in part with this money. Prayer for a decree that defendant hold the farm as trustee of plaintiff; that he have a lien thereon for the money advanced, with interest; that he have judgment against defendant for the amount of the note, with a decree to sell so much of the land as is necessary to pay such judgment.

Further facts appear in the opinion of the Court. Defendant appeals from the orders and decrees granting the equitable relief, after judgment by default.

*Thomas A. Brown and B. C. Whitman,* for Appellant.

*M. S. Chase,* for Respondent.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This is an action to recover a sum of money due upon a ·promissory note, and to establish a lien for the amount upon certain real estate. The complaint was filed on the twenty-ninth of March, 1859, and a summons was duly issued and served upon the defendant. No answer being filed within the time limited by the statute, a judgment by default was entered for the amount claimed. Upon this judgment an execution was issued, and certain property of the defendant was levied upon and sold. The proceeds of this sale being insufficient to satisfy the judgment, the statutory proceedings, supplementary to execution, were resorted to without effect. The plaintiff, having exhausted his remedies upon this judgment, obtained from the Court a decree for the equitable relief prayed for in the complaint. The question is, whether, under these circumstances, the plaintiff was entitled to this relief.

No point is made as to the validity of the original judgment, and we allude to the matter for the purpose of reserving our opinion upon that subject. The judgment was entered by the Clerk, without an application to the Court, and we think it extremely doubtful whether, in an action of this nature, such a proceeding has any foundation in the statute. If the judgment was properly entered, it terminated the suit, and the subsequent decree was *coram non judice* and void. "A judgment," says the statute, "is the final determination of the rights of the parties in the action or proceeding; and the rendition of the judgment is the conclusion of the controversy." Whatever relates to the merits is merged in the judgment, and becomes *res judicata;* and if there are issues upon which the judgment is not conclusive, they must be determined in a different action. Even as a matter of practice, the course pursued in this case could not be tolerated. It would lead to endless confusion, and be attended with hardships and difficulties innumerable.

Conceding, for the purposes of this decision, the validity of the original judgment, our conclusion is, that the additional relief was improperly granted, and that the decree appealed from must be reversed.

Ordered accordingly.