[No. 6010.]

## THE BANK OF SAN LUIS OBISPO v. CHARLES H. JOHNSON.

MORTGAGE—FORECLOSURE FOR NON-PAYMENT OF INTEREST. — Where a promissory note, due to a corporation two years after date, was secured by a mortgage which provided that "in case of default by the mortgagor in the payment of said note or interest, or in the performance of any of the conditions hereof, then the mortgagee may, at its option, either commence proceedings to foreclose this mortgage in the usual manner, or cause the said premises or any part thereof to be sold": *held*, that the failure to pay the interest as it became due authorized a foreclosure for such interest only, and not for the principal.

APPEAL from the District Court of the First Judicial District, San Luis Obispo County.

The action was brought to foreclose a mortgage given to secure the payment of a promissory note executed by the defendant, as follows:

"$5,000.　　　　　　　San Luis Obispo, Feb. 3rd, 1875.

"Two years after date, without grace, for value received in gold coin of the Government of the United States, I promise to pay to the order of the Bank of San Luis Obispo, at the Bank of San Luis Obispo, in San Luis Obispo, five thousand dollars, with interest thereon at the rate of one per cent. per month, payable monthly from the date hereof, until paid; and if not so paid, the interest to become a part of the principal, and to bear thereafter the same rate of interest until paid, the principal and interest to be paid in like gold coin."

The mortgage provided that: "In case of default by the mortgagor in the payment of the said note or interest, or in the performance of any of the conditions hereof, then the mortgagee may, at its option, either commence legal proceedings to foreclose this mortgage in the usual manner, or cause the said premises, or any part thereof, to be sold at public auction, at the court-house door, in the town of San Luis Obispo, after giving notice of such sale by publication, at least once a week for three weeks, in a newspaper published in the said town, and such sale may be, from time to time, postponed by publication, and C. H. Phillips is hereby authorized and empowered to make said sale, at the request of the mortgagee, and the said C. H. Phillips is hereby made, constituted, and appointed the attorney in fact of the mortgagor for the purpose of making such sale and executing and delivering to the purchaser the deeds thereon. A recital in any deed that may be given by said attorney, of the default in the payment of the said note as aforesaid, and the publication of the notice of sale, shall be conclusive proof of such default and publication, against the mortgagor, his heirs and assigns. The mortgagor or its assigns may purchase at such sale."

The complaint, which was filed October 25th, 1876, alleges that the interest was paid down to September 2nd, 1875, but nothing was paid after that date; that by reason of the default in the payment of the interest the principal had become due, and the plaintiff therefore asked for a foreclosure upon the whole.

The defendant filed a general demurrer, which was overruled, and the defendant declining to answer, judgment was rendered in accordance with the prayer of the complaint. The defendant appealed.

*W. J. & Wm. Graves,* for Appellant.

The Court erred in rendering judgment for the amount of the face of the note and interest. The principal was not due when the suit was commenced. There was only seven hundred dollars due—interest from September 2nd, 1875, to October 2nd, 1876. At the time of the judgment only eight hundred and twenty-five dollars and nine cents were due, and the decree should have been for that sum only, instead of for the whole principal with interest. No condition but the payment of interest after September 2nd, 1875, is alleged to have been broken. (*Robinson* v. *Smith,* 14 Cal. 94.) The power given in the mortgage to foreclose in case of default in paying interest, merely authorizes a foreclosure for what is due. (Code of Civil Procedure, sec. 728; *Gratham* v. *Wiggins,* 23 Cal. 28; *McDougall* v. *Downey,* 45 Cal. 165.)

*O. P. Evans,* for Respondent.

When this action was commenced the interest had been due and unpaid from September 2nd, 1875, to October 25th, 1876. Under the terms of the mortgage the mortgagee could foreclose for the whole amount. (*Whitcher* v. *Webb,* 44 Cal. 130.)

By the Court:

"In case of default by the mortgagor in the payment of said note or interest, or in the performance of any of the conditions hereof, then the mortgagee may at its option either commence proceedings to foreclose this mortgage in the usual manner, or cause the said premises or any part thereof to be sold," etc., is the phraseology of the mortgage; but we find nothing in these words which, by fair intendment, gives countenance to the idea that by the mere failure of the defendant to pay the stipulated

interest accruing monthly upon the debt, the principal sum should become due.  By the distinct terms of the promissory note delivered simultaneously with the mortgage, the principal sum was not to become due until two years after the date of the note—and the stipulations contained in the mortgage are not inconsistent therewith.

Thus the provision already quoted, to the effect that if default be made in the payment of the note or the interest thereon, the mortgagee may foreclose, etc., is fully satisfied by limiting the foreclosure proceedings to the collection of so much of the interest as may appear to be due.  The parties to a loan may, and often do, provide that the principal sum, not otherwise due, may become due by default of the debtor in the payment of interest at stipulated periods of time, but in this instance we do not see that they have done so.

Judgment reversed and cause remanded.

Mr. Justice CROCKETT dissenting:

I dissent, on the ground that in my opinion, on a fair construction of the mortgage, it was the intention of the parties that, on a failure to pay the interest when it became due, the principal should become due at the option of the mortgagee.