## C. HARTSON *v.* J. W. SHANKLIN.

JUDGMENT—ESTOPPEL—STATE LANDS.—Upon an application for a writ of mandamus to the defendant as Register of the State Land Office, directing him to issue to the plaintiff a certificate (under § 3571 of the Political Code) for fifty-one dollars and ten cents, money paid upon a certificate of purchase for land, alleged not to be the property of the State, it appeared that, in an action by the State against the then holder of the certificate, judgment had been rendered for closing the interest of the holder and annulling the certificate.

*Held*, that the matters involved in this proceeding were necessarily passed upon and adjudicated in the action referred to, and that the holder of the certificate and his assignees were estopped.

APPLICATION for the writ of mandate.

*J. C. Bates,* for Plaintiff.

*A. L. Hart,* Attorney-General, for Defendant.

No briefs on file.

The COURT:

This is an application for a writ of mandate directing respondent to issue to petitioners a certificate for fifty-one dollars and ten cents, under § 3571 of the Political Code. The matters set up in the answer are not denied, and are in substance that the State of California commenced an action against the then holder of the certificate of purchase No. 3394 (being the same mentioned in the petition), in which action judgment was rendered foreclosing the interest of the holder and annulling the certificate, and for fifty-three dollars and eighty-five cents costs of said action; on which judgment execution was issued and returned unsatisfied; and thereupon the amount of fifty-one dollars and ten cents of the moneys paid on said certificate was applied towards the payment of said judgment. The petitioners claim that the State had no interest in the lands described in the certificate, and therefore the whole amount paid should be returned. It is sufficient to say that the matters substantially involved in this proceeding were necessarily passed upon and adjudicated

in the action referred to; petitioners' assignor had his day in that action; and by permitting his default therein to be entered and judgment rendered without interposing the matters involved herein as a defense, he and his assignees are estopped.

Application denied.