[No. 12920.    In Bank. — July 4, 1889.]

# EZRA A. CROSSMAN, APPELLANT, v. C. J. DAVIS, RESPONDENT.

ESTOPPEL — RES ADJUDICATA — ACTION FOR PARTITION — DISMISSAL UPON AGREEMENT OF COMPROMISE. — The dismissal of an action for partition of real estate, under a special agreement of compromise involving other disputed matters, is a bar to any claim of title thereto by the plaintiff or his grantee with knowledge of the agreement and dismissal, as against the defendant or his grantee in a subsequent action for partition of the same real estate.

APPEAL from a judgment of the Superior Court of the county of San Bernardino.

It appears from the findings of the court below that the prior action referred to in the opinion as having been compromised and dismissed was an action for partition of the same real estate brought by the grantor of the appellant against the grantors of the respondent; and that the compromise involved a release and discharge of all claims between the parties, and the settlement and dismissal of another action. The further facts are stated in the opinion of the court.

*Crossman & Woodside,* for Appellants.

*Rowell & Rowell,* and *A. B. Hotchkiss,* for Respondent.

The dismissal in the former suit was by agreement, and the same effect will be given it as is given a *retraxit* at common law. (Freeman on Judgments, sec. 262, and cases cited; *Merritt* v. *Campbell,* 47 Cal. 543; *Phillpotts* v. *Blaisdel,* 10 Nev. 19.)

WORKS, J.—Action for the partition of real estate. Findings and judgment for the defendant, that he was the owner of all the property in controversy.

The appeal is from the judgment, and comes to us on the judgment roll.

The only real question presented by the record is, whether or not a certain agreement between the grantors of the parties to this action, by which said parties compromised and dismissed an action pending between them, involving the title to this same property, was a bar to the plaintiff's claim to an interest therein. The court below found that the dismissal of the action under a special agreement involving other disputed matters was sufficient to bar the plaintiff's claim, and in this we think the court was right. (*Merritt* v. *Campbell,* 47 Cal. 542.)

The plaintiff had full knowledge of the agreement and dismissal, and must be held to have been bound thereby.

Judgment affirmed.

McFARLAND, J., PATERSON, J., THORNTON, J., SHARPSTEIN, J., and BEATTY, C. J., concurred.