## SAN GABRIEL VALLEY BANK v. LAKE VIEW TOWN COMPANY et al.*

### Court of Appeal, Second District; April 28, 1906.

#### 86 Pac. 727.

**Mortgage—Construing With Note.**—Where a note is secured by a mortgage, the note and mortgage are to be construed together as evidencing the intent and purpose of the parties.

**Mortgage—Maturity of Debt.**—A note and mortgage securing the same provided that the principal should be paid in five years, that the interest was to be paid semi-annually, and if not paid when due, it should be added to the principal and bear the like interest; but, if default was made in payment of interest for thirty days, then the "whole sum, principal, here promised, shall, at the option of the holder of the note, become immediately due, payable, and collectible." Held, that, where an action to foreclose was commenced thirty days. after default in payment of interest, the mortgage was subject to foreclosure at plaintiff's election for the whole amount thereof.

**Mortgage—Notice of Election to Declare Due.**—Where a mortgage provided that on default for thirty days in interest, the whole sum, principal and interest, should become payable at the option of the holder, the filing of a complaint, after thirty days' default in interest, seeking to recover the entire debt, constituted a sufficient notice of election by the mortgagee to claim the whole amount as due.

**Mortgage—Foreclosure.**—An Objection That a Complaint in a Suit to foreclose a mortgage was insufficient for want of facts in that no definite or separate amount was alleged to be due could be taken advantage of by special demurrer, and was waived by defendant's failure to so object thereto.

**Mortgage—Foreclosure—Res Judicata—Conclusiveness.**—Where, in a suit to foreclose a mortgage, it was alleged "on information and belief" that M. had an interest in the said "premises or property mentioned" in said mortgage, but that the same was subsequent and subject to the mortgage interest, and M. made default, such default

---

*For subsequent opinion, see 4 Cal. App. 630, 89 Pac. 360.

was tantamount to an admission that M.'s interest was subsequent to plaintiff's, so that after judgment it was too late for him to assert that his rights were not adjudicated.

APPEAL from Superior Court, Riverside County; J. S. Noyes, Judge.

Action by the San Gabriel Valley Bank against the Lake View Town Company and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Cyrus F. McNutt and Joseph E. Hannon for appellants; Wright, Bell & Ward for respondent.

NOYES, Special Judge.—Plaintiff filed complaint for the foreclosure of a mortgage executed by the defendant, the Lake View Town Company. The mortgage was given to secure the payment of a promissory note, likewise made by the said defendant to plaintiff for the sum of $5,000. The mortgage lien covers various subdivisions of land belonging to defendant, together with "one thousand shares of the capital stock of Lakeview Water Company; the said capital stock being in fact, and also mortgaged as, appurtenant to said land, on the plant of one share of the capital stock to each acre of said land." The stock was evidenced by certificate No. 475, which was owned by the corporation defendant and assigned to plaintiff as pledgee in pursuance of the mortgage contract. The note, or that part of it pertinent to the legal questions here raised, is as follows:

"$5,000.                    Pasadena, Cal., April 10, 1901.

"Five years after date, excepting as herein otherwise stated, Lake View Town Company, . . . . promises to pay unto San Gabriel Valley Bank, . . . . the sum of five thousand dollars, with interest thereon at the rate of ten per cent. per annum, payable semiannually. If interest be not paid when due, it shall be added to, and become a part of, and thereafter bear like rate of interest with, the principal sum. If default be made in the payment of interest for a period of thirty days, then the whole sum, principal, here promised, shall, at the option of the holder of this note, become immediately due, payable, and collectible."

A copy of this note was inserted in the mortgage and made a part thereof, and the mortgage, in fixing the rights of the

parties thereto, provided, inter alia, but with some particularity, that "the mortgagor will, during the life of this mortgage, promptly pay all taxes that may be assessed against said mortgaged property, excepting the taxes upon the interest hereby created, and will pay all assessments that may be levied upon said water stock; that it will keep said land, or a large portion thereof, in reasonable state of cultivation; that it will promptly defend all adverse claims of title to, or lien against, such property. If the mortgagor fails to perform the tax, assessment, or defense covenants above stated, the mortgagee may perform the same and pay the expense of it, and the amount so paid, with interest thereon at the same rate named in said promissory note, shall be due and payable by the mortgagor to the mortgagee at the next interest due date therefor according to said note and be secured by said mortgage. . . . . In case of default in making payments hereby secured, the mortgagee may cause the mortgage to be foreclosed and the mortgaged property sold in manner provided by law in foreclosure cases," etc.

The foregoing excerpts from the mortgage, together with the copy of the note, constitute that part of the record pertinent to the questions raised by the appellants. They pray for a reversal of the judgment on the following grounds: First, that the complaint does not state facts sufficient to constitute a cause of action, or, if the complaint is sufficient, to warrant a decree favorable to plaintiff; second, it is sufficient to entitle plaintiff to a judgment for overdue interest and costs only. In aid of these two points appellants cite the cases of Bank of San Luis Obispo v. Johnson, 53 Cal. 99, and the late case of Yoakam v. White, 97 Cal. 286, 32 Pac. 238. The language of the first case is as follows: "In case of default by the mortgagor in the payment of the said note or interest, or in the performance of any of the conditions hereof, then the mortgagee may, at its option, either commence legal proceedings to foreclose," etc. And in Yoakam v. White: "The mortgagor promises to pay said note according to the terms and conditions thereof, and . . . . in default of the payment of note by its terms, the mortgagees or their assignees may foreclose this mortgage," etc. That a note, and mortgage given in security therefor, are to be construed together as evidencing the intent and purposes of the parties thereto, must be held as settled in this state. Being, as they are, essentially the indivisible

parts of a single contract, their joint purport and meaning must control. Being thus construed together in this action, the contract between the parties, as concerns the amount due, is to the effect that the principal is to be paid within five years after April 10, 1901, and the interest is to be paid semi-annually; that if not paid when due it shall be added to and become a part of the principal and bear the like rate of interest; but if default be made in payment of interest for thirty days, then the "whole sum, principal, here promised, shall, at the option of the holder of this note, become immediately due, payable, and collectible." This action was commenced more than thirty days after the default in interest, and under the well-considered cases of Sichler v. Look, 93 Cal. 600, 29 Pac. 220, and Bank of Commerce v. Scofield, 126 Cal. 156, 58 Pac. 451, no separate or definite act of election was necessary as a prerequisite to commencing the case. The filing of the complaint is, for all the purposes of the case, to be considered sufficient notice of the election, and of the amount claimed as due. It was notice to all adverse parties that whatever legal and equitable rights the plaintiff claimed he proposed to obtain them in his judgment, and right here the first cause for reversal advanced by appellants may be settled. It is that the complaint does not state facts sufficient for a cause of action in that no definite or separate amount is alleged as due, etc. This point is not determinative, for the reason that appellants might have taken advantage of the defect by special demurrer. The most extreme criticism of the complaint would be that in this respect it was uncertain and ambiguous, and appellants not having availed themselves of this advantage are deemed to have waived it: Reynolds v. Hosmer, 45 Cal. 630; Montgomery v. McLaury, 143 Cal. 83, 76 Pac. 964. Bank of San Luis Obispo v. Johnson and Yoakam v. White, supra, are not in point. The mortgage contract in both cases provides that the plaintiff may foreclose on the default of any of the conditions and terms thereof, and it was held that plaintiff in both cases was restricted to a foreclosure for only the sums and amounts thus defaulted, and that no option under such default, under the terms of the mortgage contract, could be exercised to declare the whole or any further amount due. The distinction, therefore, between the reported cases and the one under consideration, in this: The reported cases hold that judgment of foreclosure may be had only for the particular

amount defaulted, the contract between the parties having thus restricted plaintiff's rights. In this case it is held that as the action was commenced thirty days after default, and as the contract between the parties permitted plaintiff to elect the "whole sum" as due after such default for thirty days, the filing of the complaint was tantamount to such election, and on trial thereof, no special demurrer having been filed alleging uncertainty, etc., plaintiff could legally demand the "whole sum" and interest, disbursements, and costs in making up his judgment.

The point made that the rights of defendant McNutt should not be concluded by the judgment is not good. It is not alleged that defendant McNutt has any particular interest in said real property, or in said stock. "On information and belief," it is alleged McNutt has an interest in said "premises or property mentioned in said mortgage," but that the same is "subsequent and subject" to said mortgage interest. The defendant McNutt by his default confesses such allegation, and it is now too late for said defendant to claim that any of his rights were invaded. He has been offered the opportunity provided by law to set up whatever interests he may have, if any, and to have them adjudicated. His failure is now a bar to further claim on his part. Before he can claim error on the part of the court he must, as the law requires, set up whatever rights he may have, and it is upon these rights that the superior court is to pass, if it does so, and if error is made, then the same may be corrected by the appellate court. As the judgment was in conformity to the allegations of the complaint and entirely within the powers of the court, we do not see how a defaulting defendant can now claim error: Hutchings v. Ebeler, 46 Cal. 557.

The judgment is therefore affirmed.

We concur: Gray, P. J.; Allen, J.