[Civ. No. 3651. First Appellate District, Division One.—December 29, 1920.]

## OSMOND T. HELPLING, Appellant, v. MARGARET J. HELPLING, Respondent.

[1] JUDGMENTS — SEPARATE MAINTENANCE — ABSENCE OF FINDINGS — PRESUMPTIONS.—Where no findings of fact are made in an action for separate maintenance, but no appeal is taken from the judgment entered in favor of the wife and the same becomes final, in a subsequent action by the husband for divorce, in which the wife pleads in bar the judgment in her favor in the maintenance action, the court is bound to assume in support of such judgment that the court rendering the same found in favor of the plaintiff therein upon every issue necessary to be determined in order to support such judgment and found against the defendant therein upon every such issue, and also upon the issues presented by him in that affirmative portion of his answer wherein he pleaded by way of recrimination facts in bar of the grounds for divorce asserted by the plaintiff therein.

[2] ID.—SUBSEQUENT ACTION FOR DIVORCE—PLEA IN BAR.—A judgment in favor of the wife in an action for separate maintenance is a bar to a later action for divorce instituted by the husband and predicated upon facts in existence prior to the entry of said separate maintenance judgment, some of which were pleaded, and all of which were pleadable by him in said former action.

[3] ID.—REMARKS OF TRIAL JUDGE—EFFECT ON JUDGMENT.—The remarks of a trial judge made during the progress of a case, even though they amount to the giving of his reasons for his decision, become no part of the judgment, where not incorporated therein, and cannot be held to control or alter its substance and effect.

APPEAL from a judgment of the Superior Court of Los Angeles County. Fred H. Taft, Judge. Affirmed.

The facts are stated in the opinion of the court.

Osmond T. Helpling, *in pro. per.*, J. L. Fleming and R. J. Gardner for Appellant.

Schweitzer & Hutton and Kyle Grainger for Respondent.

RICHARDS, J.—This is an appeal by the plaintiff from a judgment in the defendant's favor in an action for divorce, dismissing said action, the defendant's special plea of *res adjudicata* being sustained by the trial court.

The facts of the case are undisputed and are briefly these: The parties to this action intermarried on April 26, 1898. On September 26, 1917, the plaintiff's wife, who is the defendant in the present action, commenced an action in the superior court of the state of California, in and for the county of Los Angeles, against her husband for separate maintenance, and in her complaint therein set forth several alleged causes of action for divorce, accusing the defendant therein of failure to provide, of extreme cruelty, and of adultery. The defendant in that action appeared, and answered, specifically denying each and all of the averments of said complaint, and in addition thereto alleging by way of further and separate defense certain asserted delinquencies on the part of the plaintiff as tending to show cruelty on her part, and as tending to justify whatever acts the said defendant was alleged to have committed in the way of nonsupport. That cause went to trial upon the issues presented by the detailed averments, denials, and recriminations of the parties. Evidence *pro* and *con* was taken, and at the conclusion of the trial the court called the counsel for the respective parties into his chambers in an apparent effort to arrive at an amount for which a judgment should be entered in favor of the plaintiff upon her demand for separate maintenance. There was some discussion in relation to the sufficiency of the evidence to sustain certain averments of the plaintiff's complaint, particularly with respect to his alleged wrongful relations with another woman. The trial judge suggested that the parties should consent to an allowance of fifty dollars a month to be paid to the plaintiff for a period of two years, and upon the respective counsel signifying their willingness to accept that amount as a basis for the judgment they returned to court, whereupon the court ordered, and there was presently entered, the following judgment:

"The above-entitled cause came on regularly to be heard on the 22d and 23d days of May, 1918, both parties being in court represented by their respective counsel . . . Evidence is taken. The court calls counsel for the respective parties into his chambers; whereupon both parties consent, and in open court stipulate, that plaintiff shall have a judgment against the defendant in full settlement of all matters of support and property the sum of fifty dollars per month for a period of twenty-four months, and no more. Both plaintiff and defendant are in open court and each personally consents to such a judgment, and that the defendant pay to plaintiff, for and on account of her attorney fees, the sum of fifty dollars.

"Wherefore, it is ordered, adjudged and decreed that the defendant pay the plaintiff the sum of fifty dollars as attorney fees, and the sum of fifty dollars per month for twenty-four months commencing June 1, 1918, and that each party pay his and her respective costs.

"Done in open court this 4th day of June, 1918."

In ordering and entering the foregoing judgment no findings were made, nor was any objection made by either of the parties to said judgment upon that ground, nor was any appeal taken therefrom. Thereafter and on June 8, 1918, the present action for divorce was commenced by the plaintiff, who, as we have seen, was the defendant in said former action.

The complaint in this action was based upon the charge of extreme cruelty, and proceeded to set forth as the probative facts supporting said charge much of the same matter which was embraced in the affirmative defense set forth in the defendant's answer in the former action. Other matters of the same general nature were added, all of which, however, were alleged to have occurred prior to the commencement of said former action. The defendant in this case presently filed her answer, denying specifically the averments of the plaintiff's complaint, and then proceeding to set forth as a further and separate defense and plea in bar the foregoing facts with reference to said former action and to the judgment rendered and entered therein, and that such judgment had become final. Upon the trial of the instant case the matter was first heard upon the defendant's plea in bar, in support of which there was presented the

judgment-roll in said former action; and in addition thereto the trial court further permitted the introduction in evidence of the remarks of the trial judge in said action made in chambers just prior to the entry of the judgment therein. Upon the submission of this particular matter to the court upon the evidence thus presented the court found and decided that the judgment in said former action was a bar to the further prosecution of this action, and having so found, entered a judgment of dismissal. It is from that judgment that this appeal has been taken; and the sole question presented upon said appeal is as to whether said former judgment in said action for separate maintenance, considering the circumstances under which it was entered, constitutes a bar to the maintenance of this action for divorce, based as it is upon averments of matters of fact existing prior to the date of the entry of said former judgment and to some extent at least made a part of the pleadings and is such therein.

The appellant herein contends that said former judgment was a judgment by consent, and hence could not be available to the defendant herein as a bar to the present action. In support of this contention the appellant urges the admitted facts that the trial judge in said former action at the conclusion of the trial therein called counsel for the respective parties into his chambers, and there made certain remarks, wherein he indicated some doubt as to whether the plaintiff's case had been fully made out as to her charge of cruelty, and that as to the averments of her complaint accusing her husband of wrongful relations with another woman, these had not been sufficiently proven. The appellant argues from these facts that the issues raised in said former action had never in fact been determined, and that the judgment which the court rendered therein was merely a compromise judgment unsupported by anything else than the agreement of the parties made in adopting the suggestion of the court, and without any finding on the part of the latter as to the merits of the case.

We are unable upon the record before us to sustain this contention. The action in which said former judgment was entered was an action instituted under the provisions of section 137 of the Civil Code, which, at the time of the institution of said action, read as follows: "When the husband

willfully deserts the wife, or when the husband willfully fails to provide for the wife, or when the wife has any cause of action for divorce as provided in section ninety-two of this code, she may, without applying for a divorce, maintain in the superior court an action against him for permanent support and maintenance of herself or of herself and children.'' It was essential to the maintenance of said action under said section of the Civil Code that the plaintiff should have alleged facts showing willful desertion or willful failure to provide on the part of her said husband, or showing the existence of any other of the causes for divorce specified in section 92 of the Civil Code; and it was further necessary in order to entitle her to a judgment for separate maintenance that she should establish by proof her averments in the above regard. These averments on her part tendered issues which the defendant, her husband, was bound to meet with denials on his part, or with special averments of facts in the nature of recrimination which would constitute a bar under section 122 of the Civil Code. The defendant in that action embraced in his answer both forms of defense, and by way of recrimination undertook to set forth substantially the same facts as those upon which he now relies to sustain his action for divorce, The cause came on to trial upon the issues thus presented, and said trial was concluded so far as the testimony in the case was concerned at the time when the trial judge called the counsel for the respective parties into consultation as to the amount for which judgment should be rendered upon the plaintiff's demand for separate maintenance. Having agreed with counsel as to what that amount should be, and as to the time during which it should be paid, the court proceeded to render its judgment in the plaintiff's favor for the agreed sum. [1] No findings of fact were made, but since no appeal was taken from said judgment, and since the same has become final, we are bound to assume in support of said judgment that the court rendering the same found in the plaintiff's favor upon every issue necessary to be determined in order to support said judgment, and found against the defendant upon every such issue, and hence necessarily upon the issues presented by him in that affirmative portion of his answer wherein he pleaded by way of recrimination facts in bar of the plaintiff's asserted

grounds for divorce. This being so, we can perceive no difference between this case and a case wherein upon similar pleadings, but without any conference or agreement between the parties as to the amount of the judgment to be rendered, the trial court had upheld the plaintiff's cause of action for separate maintenance. [2] In such a case it would seem to be beyond question that such a judgment would be a bar to a later action for divorce instituted by the defendant therein and predicted upon facts in existence prior to the entry of said former judgment, some of which were pleaded, and all of which were pleadable by him in said former action.

The case of *Greer* v. *Greer*, 142 Cal. 519, [77 Pac. 1106], is similar in certain of its features to the case at bar. The plaintiff in that case brought an action for divorce upon the ground of desertion. The defendant pleaded by way of abatement a judgment which had been rendered in a former action between the same parties wherein the plaintiff had sought to recover permanent alimony, alleging as a basis for said action desertion on the part of the defendant. In both actions there was also involved the question of the validity of a deed to certain of the defendant's separate property which the plaintiff alleged the defendant to have made for the purpose of preventing said property from being subjected to a lien for the plaintiff's support and maintenance. In said former action the court found against the plaintiff upon the issue of desertion, and hence also found that the plaintiff was not entitled to recover permanent alimony. The court also found that since the defendant had not deserted plaintiff, she could not in said action question his right to dispose of his separate property, and hence found in favor of the defendant also upon that issue. In the second action the trial court found against the defendant upon his plea in bar, but upon appeal the supreme court reversed this finding, holding that the judgment in the former action for permanent maintenance was a bar to the maintenance of the second suit. In so holding the supreme court cited with approval the case of *Miller* v. *Miller*, 150 Mass. 111, [22 N. E. 765], in which an adverse judgment in favor of the wife in an action for separate maintenance while living apart from her husband for justifiable grounds was held to be a bar to a subsequent suit by the

husband for divorce on the ground of the alleged desertion of the wife.

In the *Estate of Bell*, 153 Cal. 333, [95 Pac. 376], the supreme court declared the rule to be as follows: " 'An adjudication is final and conclusive not only as to the matter actually determined, but as to every other matter which the parties might have litigated and have had decided as incident to or essentially connected with the subject matter of the litigation, and every matter coming within the legitimate purview of the original action, both in respect to matters of claim and defense' " (citing *Harris* v. *Harris*, 36 Barb. (N. Y.) 88; *Gray* v. *Daugherty*, 25 Cal. 266. See, also, *Suisun Lumber Co.* v. *Fairfield School Dist.*, 19 Cal. App. 587, [127 Pac. 349], and cases cited).

[3] The appellant's contention that the former judgment between the parties hereto did not render matters involved therein *res adjudicata* for the reason that it was a consent judgment is not borne out to the extent claimed by the appellant; for while it appears that the trial judge in an informal interview with the parties gave expression to some doubts as to the sufficiency of the evidence in the case, these doubts were not carried into the formal judgment; and it has been repeatedly held that the remarks of a trial judge made during the progress of the case, even though they amount to the giving of his reasons for his decision, become no part of the judgment, and cannot be held to control or alter its substance and effect. So far as the record herein discloses, the only matter embraced in said judgment to which it was suggested that the parties give their consent was that of the amount and duration of the separate maintenance to be allowed the plaintiff therein. As to all other matters involved in the case the judgment became *res adjudicata*, and hence properly relied upon by the respondent herein to defeat the present action.

Judgment affirmed.

Kerrigan, J., and Seawell, P. J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 24, 1921.

All the Justices concurred.