[L. A. No. 14954. In Bank.—February 28, 1936.]

PYROIL SALES COMPANY, INC. (a Corporation), Appellant, v. THE PEP BOYS, MANNY, MOE & JACK OF CALIFORNIA (a Corporation), Respondent.

John C. Mead for Appellant.

Travers, Landels, Weigel & Crocker, Stanley A. Weigel and George N. Crocker, as *Amici Curiae* on Behalf of Appellant.

Loeb, Walter & Loeb and H. F. Selvin for Respondent.

THE COURT.—By stipulation of counsel and order of court, the above-entitled cause was ordered submitted, and to be decided concurrently with *Max Factor & Co. et al.* v. *Kunsman*, L. A. No. 14662 (*ante*, p. 446 [55 Pac. (2d) 177]), decision in which cause has been this day filed.

The appeal here, as in the Factor case, is by the plaintiff from a judgment of dismissal entered after demurrer to the complaint sustained without leave to amend. Although not as extensive in its allegations as the complaint in the Factor case, the complaint is sufficient to raise the same general question of the constitutionality of the 1933 amendment to the "Fair Trade Act" (Stats. 1931, p. 583; Stats. 1933, p. 793). Plaintiff herein seeks an injunction pursuant to the provisions of the act, restraining the defendants from selling Pyroil, a branded and trade-marked article, at retail prices lower than those sought to be maintained by the plaintiff. As in the Factor case, defendants have not bound themselves by any

form of contract to resell the commodity at any specified price, but an obligation to so resell is sought by the plaintiff to be imposed on defendants (by the application of section 1½ of the Fair Trade Act—amendment of 1933) by virtue of the fact that other dealers have agreed with plaintiff not to resell at less than certain prices.

As the questions on appeal are identical in the two actions, the decision in the Factor case is decisive of the general question on appeal in this case. Because of that fact, we do not deem it necessary to consider certain specifications urged in the demurrer that the complaint was uncertain, ambiguous and unintelligible. Therefore on the authority of the decision in *Max Factor & Co.* v. *Kunsman*, L. A. No. 14662, *ante*, p. 446 [55 Pac. (2d) 177], this day filed, the judgment herein is reversed, and it is ordered that the trial court enter judgment in the within cause in favor of appellant as prayed.

Shenk, J., and Thompson, J., dissented. (See their opinions filed in *Max Factor & Co. et al.* v. *Kunsman*, L. A. No. 14662, *ante*, p. 446, filed to-day.)

Rehearing denied.