EARL MARCHANT, Plaintiff, *v.* BUFFALO GENERAL HOSPITAL and
HUGH C. McDOWELL, Defendants.

City Court of Buffalo, Special Term, February 16, 1938.

*Harold Brock*, for the plaintiff.

*Lorenz J. Brosnan*, for the defendant Hugh C. McDowell.

SUMMERS, J.   This is a motion by the defendant physician for
the dismissal of the complaint as to him on the grounds that there
is an extant final judgment of a court of competent jurisdiction,
rendered on the merits, determining the same cause of action,
between the plaintiff and himself, and, therefore, the matter is
*res adjudicata.*

It appears that the present defendant physician began an action
against the now plaintiff Marchant, which was brought on for
trial in this court.   An examination of this complaint shows that
this previous action was for professional services rendered the
wife of the then defendant, now plaintiff, Earl Marchant; that
an answer was interposed to this complaint, setting up a general
denial of the service and pleading as an affirmative defense and
counterclaim certain injuries occasioned to the wife due to the
carelessness and negligence of the physician plaintiff; and further,
due to the unskillful and improper manner of his professional
conduct on such occasion and to his neglect to use proper care,
attention, medicaments, appliances and skill, which, in substance,
comes to this, that he failed to watch the location of the operating
table and permitted it to be placed so near a hot steam radiator
that Mrs. Marchant, extending her hand, was burned by contact,

and the plaintiff husband was damaged by losses, entailed in part, for further medical services so made necessary.

The jury, in this previous action, according to the official minute sheet, brought in a verdict in favor of the plaintiff physician for the amount demanded for the medical services but *disagreed as to the counterclaim*, whereupon the presiding judge dismissed the counterclaim, *but not on the merits.*

The defendant suggests that the decision in *Blair* v. *Bartlett* (75 N. Y. 150) governs. The facts are taken from the opinion of Judge FOLGER. The immediate case then before the Court of Appeals was one in which the defendant had obtained a judgment against a physician defendant for malpractice. The record on this appeal disclosed that one of the defenses set up by the answer, and urged at the trial, was that the defendant physician had, some time prior to the immediate action for malpractice, sued in a court of a justice of the peace for medical services rendered by him to the plaintiff and recovered a judgment. The defendant at this trial had put in an answer and later sought to withdraw it, but the withdrawal was held ineffective. The question considered by Judge FOLGER in this opinion was, did the prior judgment in the action in the justice's court for medical services bar a subsequent action for malpractice?

The judge says: " It must be considered settled in this State, that a judgment in favor of a physician and surgeon for his professional services, rendered by a court of competent jurisdiction, in an action in which the defendant appeared and answered, setting up a defense which he maintained at the trial   *   *   *   is a bar to an action for malpractice by that defendant against that physician and surgeon for malpractice in rendering those services."

It is apparent that the facts upon which Judge FOLGER bases his opinion differ essentially from those in the present case. In the case he was considering a complete trial had been had, full opportunity had been given to the defendant to appear and defend. The trial had come to complete fruition in a judgment. The defendant had had his day in court. The salutary rule of *res judicata* of the issues therein involved was applied in order to avoid repetitious trials and to obtain finality of judgment, with the possible added reasons that physicians, being public benefactors, should not be subjected to unnecessary harassment. *The facts in the present instance differ essentially from those in the record considered by Judge Folger.* A realistic view of the verdict of the jury in our immediate case, divested of judicial metaphysics, shows that the jury considered two phases of the case. The one as to the professional sufficiency and value of the services rendered by the physician and found

that they were efficiently done and by verdict ordered them to be paid for. The point concerning which negligence is alleged to have taken place, so far as it concerns the physician defendant, was the fact that the lady was able, and did, in the delirium incidental to her condition, reach out and impinge her hand against a steam radiator, burning it. Obviously, the placing of the operating table presented a problem which had attached to it no element of professional technique or erudite medical knowledge, but was a matter of commonplace negligence and involved no failure in subtle niceties of the performance expected and received from medical men as such.

The jury, by reporting the disagreement in their verdict, indicated to a factualist capable of discerning the obvious, that they had reached no decision of this question; and hence it follows that the then defendant husband, and now plaintiff husband, has not had an opportunity of having this essential phase of his case judicially determined. The case is not unlike a special verdict in which the jury answers certain questions. They have testified by their verdict in the previous case that the professional skill and performance of the physician was adequate. They have likewise indicated that they could not agree on the incidental matter on the negligent contact of the lady's hand due to propinquity to the radiator. To attribute to that part of the verdict of the jury in which they find that the physician was entitled to be paid for his medical services, subtle cogitation, involving the nice weighting of the elusive distinctions, in the face of the fact that they reported they could not agree as to the facts concerning and the responsibility for the location of the table, would be to offend the reasonably intelligent man whose respect courts should not be beyond considering.

It is, therefore, believed that the opportunity should be extended to the husband plaintiff in the present instance to litigate the question at hand as to the negligence in this radiator propinquity circumstance, and, therefore, the motion to dismiss the action as to the defendant physician is denied.