## Burgess v. Consider H. Willett, Inc.
## Buff v. Consider H. Willett, Inc.

December 16, 1949.

Wilbur Fields for appellants.

J. L. Richardson and Davis, Boehl, Visor & Marcus for appellee.

Judge Latimer—Affirming.

The sole issue here is whether or not a consent judgment in another action growing out of the same accident wherein appellee was the defendant, was admissible against appellee in this action, either as a judicial admission or as an estoppel to deny negligence.

Appellants were injured in an accident involving the truck of appellee, a truck of the Milan Box Company, and the car in which appellants were riding. The accident occurred in the State of Tennessee on June 9, 1947. The car occupied by appellants was proceeding from Nashville to Memphis, Tennessee and was traveling on its right hand side of the road, when, at a point between Trenton and Milan, they met a car proceeding northwardly on the highway, followed by a truck belonging to the Milan Box Company, which in turn was followed by the truck of appellee, Consider H. Willett, Inc., of Louisville. It appears the car proceeding in

front of the trucks came to a gradual stop. The Milan truck, which was immediately behind, slowed down when the car did. The driver of appellee's truck, apparently failing to observe that the Milan truck had been slowed down, continued at his same rate of speed and ran into and thrust the Milan truck across the road and into the car in which appellants were riding.

After the accident the Milan Box Company filed suit in Tennessee against Consider H. Willett, Inc., to recover damages to their truck. The action was settled between the parties, pursuant to which the following consent judgment was entered:

"This cause came on to be heard and it appearing to the Court from statement of counsel that the matters and things in controversy, which are disputed, have been amicably settled and adjusted by the parties;

" 'It is, therefore, Ordered, Adjudged and Decreed that the plaintiffs, A. N. Dedmon, James Dedmon, George Dedmon, Mrs. A. N. Dedmon and Mrs. Martha Wilson, have and recover of this defendant, Consider H. Willett, Inc., Four Hundred Fifty ($450.00) Dollars and the cost of this cause, for which let execution issue.' "

Appellants instituted their action against appellee in the Jefferson Circuit Court seeking damages for personal injuries resulting from the accident. Appellants pleaded the consent judgment as an estoppel to appellee to deny negligence. The court sustained a demurrer to this pleading and further, on appellee's motion, ordered counsel for appellants to make no reference at any time during the trial to the consent judgment.

The court refused to allow appellants to introduce the consent judgment as evidence. The jury returned a verdict in favor of appellee.

Appellants are here insisting that the court erred in sustaining the demurrer to the pleading above mentioned, and in refusal to admit the consent judgment either as an alleged admission or as an estoppel. If the consent judgment is a judicial admission, and conclusive as such, it would be competent.

In the case of Sutherland v. Davis, 286 Ky. 743, 151 S. W. 2d 1021, 1024, cited and relied upon by appellants,

after defining judicial admissions, it was said: "* * * But a judicial admission is conclusive, in that it removes the proposition in question from the field of disputed issue, and may be defined to be a formal act done in the course of judicial proceedings which waives or dispenses with the necessity of producing evidence by the opponent and bars the party himself from disputing it; and, as a natural consequence, allows the judge to direct the jury to accept the admission as conclusive of the disputed fact. Wigmore on Evidence, 3rd Edition, Vol. 4 sections 1058, 1059, pages 20 and 21; Vol. 9, sections 2588-2590, inclusive, pages 586, 587.''

Our task then is to look to the consent judgment here that we might determine whether or not it is merely a compromise agreement or a judgment carrying with it the full import of a judicial admission. The rule seems to be universal that in actions growing out of accidents where two or more persons are injured, a compromise with one of the injured persons cannot be shown in an action by the other.

In Powers' Administrator v. Wiley et al., 241 Ky. 645, 44 S. W. 2d 591, 592, we said: ''The rule is well settled that, if in the same accident two or more persons are injured, a compromise with one cannot be shown in an action by the other. 22 C. J., p. 320, sec. 354, note B, and cases cited; Ferry's Adm'r v. Louisville Railway Co., 165 Ky. 747, 178 S. W. 1087. The reason for the rule is that the law favors the settlement of controversies out of court, and, if a man could not settle one claim out of court without fear that this would be used in another suit as an admission against him, many settlements would not be made. For this reason, offers of compromise are always held inadmissible, and for the same reason a man's buying his peace from one party can no more be used against him in the suit of another party than the defendant could use the settlement against the plaintiff in the action to reduce his recovery if for only a nominal amount.''

In Whitney v. Louisville & N. R. Co., 296 Ky. 381, 177 S. W. 2d 139, 140, we said: ''* * * We have ruled in accordance with the basic principles of judicial policy that where there are two causes of action arising from the same act or accident a compromise with one party

may not be proved in the action of the other. Powers' Adm'r v. Wiley, 241 Ky. 645, 44 S. W. 2d 591.''

The question then follows: Was the consent judgment anything more than a compromise agreement? Obviously, estoppel created by a judgment cannot be extended beyond the issues necessarily determined by that judgment. Much has been written concerning the power of courts over consent judgments. Among the decisions with reference thereto, the nature of consent judgments has been considered.

It seems to be generally accepted that a judgment by agreement or consent, since no inquiries are made into the merits or equities of the case by the court, constitutes only the agreement of the parties.

In Keach v. Keach, 217 Ky. 723, 290 S. W. 708, 710, may be found something of what we have said about judgment by consent of parties. Therein we find this language: ''* * * A judgment by consent of parties is a judgment, the provisions and terms of which are settled and agreed to by the parties to the action to be affected by it, and it is placed upon, and becomes of record, by the consent and sanction of the court. The court does not settle the grounds or the terms of it; it is not the judgment of the court, except in the sense that the court allows it to go upon the record and have the force and effect of a judgment; * *.'' See also McArthur v. Thompson, 140 Neb. 408, 299 N. W. 519, and 139 A. L. R. page 413.

An examination of the consent judgment above immediately impresses one that it is nothing more nor less than a compromise agreement, and as such not admissible as evidence. We think the court properly disposed of the matter.

The judgment is affirmed.