[L. A. No. 24279.   In Bank.   Feb. 8, 1957.]

VIRGINIA BELL TAYLOR, Appellant, v. A. J. HAWKIN-SON, Respondent.

N. E. Youngblood and William R. Grant for Appellant.

Wyman & Finell and Saul Grayson for Respondent.

TRAYNOR, J.—Virginia Taylor, hereinafter referred to as plaintiff, was injured when the car in which she was riding was struck from the rear by a car driven by defendant. The car was registered in the name of her husband and was being driven by a friend, Laurine Holibaugh. Plaintiff, her husband, and the driver brought an action for damages against defendant, and the jury returned verdicts of $65 for personal injuries suffered by the driver, $63.06 in favor of plaintiff's husband for damages to the car, and $371.94 for personal injuries suffered by plaintiff. Judgment was entered on the verdicts, and plaintiff alone moved for a new trial on the ground that the damages were insufficient. Her motion was granted and thereafter the judgment in favor of her husband and the driver became final. On retrial plaintiff sought to limit the trial to the issue of damages on the ground that the judgment in favor of her husband and the driver was conclusive against defendant on the issue of liability. Over her objection the trial court submitted the issue of liability to the jury, which returned a verdict for defendant. Judgment was entered on the verdict, and plaintiff's motion for judgment notwithstanding the verdict or, in the alternative,

for a new trial was denied. ■ Plaintiff appeals from the judgment, jury verdict, and the order denying her motion for judgment notwithstanding the verdict or for a new trial. Since only the judgment and the order denying the motion for judgment notwithstanding the verdict are appealable (Code Civ. Proc., § 963), the other appeals are dismissed.

Plaintiff contends that this case is governed by the rule stated in *Bernhard* v. *Bank of America,* 19 Cal.2d 807, 813 [122 P.2d 892], that "In determining the validity of a plea of res judicata three questions are pertinent: Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?" Moreover, she asserts that even if a requirement of mutuality of estoppel should be deemed essential in this case, it is met by the fact that she was in privity with her husband in his cause of action for damages to the car. (*Zaragosa* v. *Craven,* 33 Cal.2d 315, 321 [202 P.2d 73, 6 A.L.R. 2d 461].) Defendant contends, on the other hand, that even though the judgment in favor of the husband and the driver may be final for some purposes, since it was entered in the same action in which plaintiff's motion for a new trial was granted and since the issue of defendant's negligence was common to all parts of the first judgment, the part as to which a new trial was neither sought nor granted cannot be res judicata as to the issues set at large by the granting of plaintiff's motion for a new trial. (See *American Enterprise, Inc.* v. *Van Winkle,* 39 Cal.2d 210, 218 [246 P.2d 935].)

It may be conceded that the judgment in favor of plaintiff's husband and the driver is now final, that their causes of action are merged therein, and that it constitutes a bar to any further prosecution of their original claims. ■ As was pointed out in *Sutphin* v. *Speik,* 15 Cal.2d 195, 201-202 [99 P.2d 652, 101 P.2d 497]; the doctrine of res judicata has two aspects. "First, where the causes of action and the parties are the same, a prior judgment is a complete bar in the second action. This is fundamental and is everywhere conceded.

"Second, where the causes of action are different but the parties are the same, the doctrine applies so as to render conclusive matters which were decided by the first judgment. ■ As this court said in *Todhunter* v. *Smith,* 219 Cal. 690, 695 [28 P.2d 916] : 'A prior judgment operates as a bar against

a second action upon the same cause, but in a later action upon a different claim or cause of action, it operates as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action.' '' In the present case, since plaintiff's cause of action is different from those of her husband and the driver, we are concerned with the second aspect stated above, and the question presented is whether defendant's liability was a matter decided or an issue that was actually litigated and determined within the meaning of the foregoing rule.

▉ There is ample evidence to support the trial court's implied finding that the verdicts following the first trial were compromise verdicts and that the jury did not determine the issue of liability. The damages awarded plaintiff were less than her special damages, and the parties concede that they were so inadequate that a new trial limited to the issue of damages would have been improper. (See *Rose* v. *Melody Lane*, 39 Cal.2d 481, 489 [247 P.2d 335].) Moreover, it is obvious that if the jury failed to determine the issue of liability in returning the verdict for plaintiff, it also failed to determine that issue in returning the verdicts for her husband and the driver. Accordingly, had defendant or plaintiff's husband and the driver moved for a new trial, it would have been granted, and their failure to do so was tantamount to accepting the jury's compromise as their own. (See *Leipert* v. *Honold*, 39 Cal.2d 462, 470-471 [247 P.2d 324, 29 A.L.R.2d 1185].) ▉ Regardless of the effectiveness of such a compromise in extinguishing the causes of action or in settling the rights directly involved therein (see *Partridge* v. *Shepard*, 71 Cal. 470, 475 [12 P. 480]; *Moore* v. *Schneider*, 196 Cal. 380, 389 [238 P. 81]; *FitzGerald* v. *Terminal Dev. Co.*, 11 Cal.App.2d 126, 135-136 [53 P.2d 177, 55 P.2d 194]), it does not constitute such a determination of the issues involved as to render them res judicata where distinct rights are sought to be litigated in a separate cause of action. (*United States* v. *International Building Co.*, 345 U.S. 502, 506 [73 S.Ct. 807, 97 L.Ed. 1182]; *Lawler* v. *National Screen Service Corp.*, 349 U.S. 322, 324, 327 [75 S.Ct. 865, 99 L.Ed. 1122]; *Burgess* v. *Consider H. Willett, Inc.*, 311 Ky. 745 [225 S.W.2d 315, 317]; *Reeves* v. *Philadelphia Gas Works Co.*, 107 Pa. Super. 422 [164 A. 132, 134]; *Fruehauf Trailer Co.* v. *Gilmore*, 167 F.2d 324, 330; *Marchant* v. *Buffalo General Hospital*, 166 Misc. 234 [3 N.Y.S.2d 496, 498]; see *Hall* v. *Coyle*, 38 Cal.2d 543, 546 [241 P.2d 236];

*Stark* v. *Coker*, 20 Cal.2d 839, 843 [129 P.2d 390]; Rest., Judgments, § 68.) To hold otherwise would tend to defeat rather than to promote the objective of preventing vexatious litigation with its attendant expense both to the parties and the public. Defendant did not have his day in court during the first trial on the issue of liability, and plaintiff can now justify making that judgment binding upon him in her action only on the ground that he had an opportunity to attack it. Had he done so, more rather than less litigation would have ensued, and plaintiff would have gained nothing. Defendant did not vex her by seeking a redetermination of an issue once decided, but sought and secured only the right to have the issue of liability determined once after plaintiff by securing a new trial on all issues had established the propriety thereof.

The judgment and the order denying the motion for judgment notwithstanding the verdict are affirmed.

Gibson, C. J., Shenk, J., Schauer, J., Spence, J., and McComb, J., concurred.

CARTER, J.—I dissent.

I cannot agree that a judgment, which on its face determines the question of liability in a negligence action, is not res judicata on that issue by way of collateral estoppel in another action on the theory that the question of liability was not decided because the jury in the first action assertedly compromised on the issue of liability. Whatever way you cut it, the result reached by the majority is that an alleged compromise verdict (balancing liability against the amount of damages) is subject to *collateral* attack on that ground.

The facts are not involved and some legal points are clear and these are conceded by the majority. Three plaintiffs obtained judgments against defendant in an action in which his liability is based, by virtue of the pleadings, the instructions to the jury, the jury's verdict and the judgment itself, on the negligence of the defendant; that issue was necessarily involved, indeed, it was the only issue except the fact and amount of damages. One of the plaintiffs was granted a new trial, but as to the others, the judgment became final, and the trial court denied the plea of res judicata on the retrial as to the one plaintiff. There was a privity between the plaintiff obtaining the new trial and one of the other plaintiffs, her husband (see *Zaragosa* v. *Craven*, 33 Cal.2d 315 [202 P.2d

73, 6 A.L.R.2d 461]), hence there can be no question that the judgment for the husband-plaintiff was res judicata. No point is made that these judgments for all three plaintiffs were given in the same action, and I take it the situation would be no different if they had been obtained in separate and different actions. The judgment for the plaintiff-husband was res judicata as it was based upon underlying pleadings which presented the issue of defendant's liability—his negligence; the jury was instructed on that issue; its verdict was general, thus deciding that issue; and the judgment was on the verdict and therefore decided that issue. We have, therefore, a clear case of the judgment being res judicata on the question of defendant's liability as to one—plaintiff-wife—who was in privity to the plaintiff-husband (*Zaragosa* v. *Craven, supra*). In such a case we have a situation where under the doctrine of res judicata, the defendant is collaterally estopped to question the final determination that he was negligent. Yet the majority arrives at a different conclusion by reasoning that the verdict on which the judgment was based was a compromise (supposedly low damages because some jurors thought there should be no liability) which is true because the judgment as to plaintiff-wife, as to which a new trial was granted, was a compromise because the damages were lower than the amount of the special damages suffered and proved. It is then concluded that defendant and plaintiff-husband "accepted" the compromise verdict and thus, in effect, compromised the res judicata judgment; hence there is no collateral estoppel because a judgment based on a compromise does not give rise to such estoppel.

Accepting for the moment that reasoning and speaking to the legal proposition that a judgment based on a compromise settlement cannot give rise to a collateral estoppel, I find the law to be otherwise. It is the general rule that a judgment entered by consent or agreement is res judicata in the sense that it is a bar to another action on the same cause of action as distinguished from collateral estoppel. (*Partridge* v. *Shepard*, 71 Cal. 470, 475 [12 P. 480]; *City of Oakland* v. *Oakland Water Front Co.*, 162 Cal. 675, 686 [124 P. 251]; *Semple* v. *Wright*, 32 Cal. 659; *Crossman* v. *Davis*, 79 Cal. 603 [21 P. 963]; *Moore* v. *Schneider*, 196 Cal. 380 [238 P. 81]; *Nielsen* v. *Emerson*, 119 Cal.App. 214 [6 P.2d 281]; *Guaranty L. Corp.* v. *Board of Supervisors*, 22 Cal.App.2d 684 [71 P.2d 931]; *Patterson* v. *Spring Valley Water Co.*, 207 Cal. 739 [279 P. 1001]; *Goddard* v. *Security Title Ins. & Guar.*

*Co.,* 14 Cal.2d 47, 55 [92 P.2d 804] ; *Lamb* v. *Herndon,* 97 Cal. App. 193 [275 P. 503] ; see also many cases cited 2 A.L.R.2d 514.) The court states in *Partridge* v. *Shepard, supra,* 71 Cal. 470, 475 : ''It is objected to the judgment roll in *Judson* v. *Molloy,* that it was a 'consent judgment.'

''We know of no good reason why a judgment entered by consent of parties in a cause of which the court has jurisdiction of the subject-matter and of the parties is less efficacious than if entered after a trial of the issues.

''It may be impeached like any other judicial record, by evidence of a want of jurisdiction in the court rendering it, by showing collusion between the parties, or by proof of fraud on the part of the party offering the record.'' *And the same is true where res judicata as collateral estoppel is involved.* (See *Partridge* v. *Shepard, supra,* 71 Cal. 470; *Semple* v. *Wright, supra,* 32 Cal. 659 ; *McCreery* v. *Fuller,* 63 Cal. 30; *Crossman* v. *Davis, supra,* 79 Cal. 603 ; *Helpling* v. *Helpling,* 50 Cal.App. 676 [195 P. 715] ; *FitzGerald* v. *Terminal Dev. Co.,* 11 Cal.App.2d 126 [53 P.2d 177, 55 P.2d 194].) It is said in 2 A.L.R.2d 514, 543 : ''As a general proposition, where a question of fact essential to a judgment is actually litigated and determined thereby, the determination is conclusive between the parties and their privies in a subsequent action, even though such action involves a different cause of action. . . .

''Except in cases involving tax liability for successive tax periods, it is well settled that a *judgment by consent raises an estoppel in the same way as a judgment entered after contest,* and this has been recognized even by those courts which profess to adhere to the theory that a consent judgment or decree is, strictly speaking, not res judicata.'' (Emphasis added.) The cases cited in the majority opinion are not to the contrary. *Hall* v. *Coyle,* 38 Cal.2d 543 [241 P.2d 236], and *Stark* v. *Coker,* 20 Cal.2d 839 [129 P.2d 390], the California cases, merely hold that an issue withheld from decision by the court is not res judicata or that an action on a compromise of a claim is not the same as an action on the claim. It is said in *United States* v. *International Building Co.,* 345 U.S. 502, 506 [73 S.Ct. 807, 97 L.Ed. 1182] : ''A judgment entered with the consent of the parties may involve a determination of questions of fact and law by the court. But unless a showing is made that that was the case, the judgment has no greater dignity, so far as collateral estoppel is concerned, than any judgment entered only as a compro-

mise of the parties." *Lawlor* v. *National Screen Service Corp.*, 349 U.S. 322 [75 S.Ct. 865, 99 L.Ed. 1122], refused to apply res judicata because to do so would violate an important public policy, the United States anti-trust laws. *Burgess* v. *Consider H. Willett, Inc.*, 311 Ky. 745 [225 S.W. 2d 315], rejected the proposition that a consent judgment is res judicata, which as seen is squarely contrary to the law of this state and nearly all jurisdictions elsewhere. The same is true of *Reeves* v. *Philadelphia Gas Works Co.*, 107 Pa. Super. 422 [164 A. 132], and *Fruehauf Trailer Co.* v. *Gilmore*, 167 F.2d 324, and the International Building Company case. In *Marchant* v. *Buffalo General Hospital*, 166 Misc. 234 [3 N.Y.S.2d 496], the issue as to which estoppel by former judgment was sought was not decided by the former judgment. The decision of the majority is, therefore, contrary to the established law of this state.

In the foregoing discussion I have accepted the proposition that this was a consent judgment and pointed out that even as such it was res judicata, but it was not a consent judgment. There was no agreement, settlement or compromise except that which the majority imposes as a *matter of law* as distinguished from the voluntary understanding of the parties. The judgment urged as estoppel had been *entered*. It unquestionably decided the issue of the defendant's liability. It was rendered after a contest in a trial and on the jury's verdict. The only consent feature that might arise is because defendant did not attack the judgment by appeal or otherwise. He permitted it to become *final*. Nothing occurred in the conduct of the parties nor in any communication between them that indicated an actual compromise or agreement to accept the jury's so-called compromise. The failure to appeal was nothing more than permitting the judgment to stand by default, the same as if no answer or contest had been made to the complaint and a default judgment was entered. As is said in *Helpling* v. *Helpling*, 50 Cal.App. 676, 682 [195 P. 715] : "The appellant's contention that the former judgment between the parties hereto did not render matters involved therein *res adjudicata* for the reason that it was a consent judgment is not borne out to the extent claimed by the appellant; for while it appears that the trial judge in an informal interview with the parties gave expression to some doubts as to the sufficiency of the evidence in the case, these *doubts were not carried into the formal judgment; and it* has been repeatedly held that the remarks of a trial judge

made during the progress of the case, even though they amount to the giving of his reasons for his decision, become no part of the judgment, and cannot be held to control or alter its substance and effect. So far as the record herein discloses, the only matter embraced in said judgment to which it was suggested that the parties give their consent was that of the amount and duration of the separate maintenance to be allowed the plaintiff therein. As to all other matters involved in the case the judgment became *res adjudicata,* and hence properly relied upon by the respondent herein to defeat the present action." And in *Harter* v. *King County,* 11 Wn.2d 583 [119 P.2d 919, 923]: "We think the very essence of a consent decree is that the parties thereto have entered voluntarily into a contract setting the dispute at rest, upon which contract the court has entered judgment conforming to the terms of the agreement, without putting the parties to the necessity of proof." There is here, therefore, no compromise, consent or settlement judgment. If it is a default judgment (it became final by default) then we apply the rule that a judgment by default is the basis of a plea of res judicata or collateral estoppel in a subsequent action involving the same matter, and such judgment is just as conclusive upon whatever is essential to support it as is a judgment after contest. (*Burtnett* v. *King,* 33 Cal.2d 805, 810 [205 P.2d 657, 12 A.L.R. 2d 333]; *Bohn* v. *Watson,* 130 Cal.App.2d 24 [278 P.2d 454]; *O'Brien* v. *Appling,* 133 Cal.App.2d 40 [283 P.2d 289]; *Estate of Williams,* 36 Cal.2d 289, 292-293 [223 P.2d 248, 22 A.L.R. 2d 716]; *Horton* v. *Horton,* 18 Cal.2d 579 [116 P.2d 605]; *Fitzgerald* v. *Herzer,* 78 Cal.App.2d 127 [177 P.2d 364]; *Morenhout* v. *Higuera,* 32 Cal. 289; *Hartson* v. *Shanklin,* 57 Cal. 558; *Hartson* v. *Shanklin,* 58 Cal. 248; *Maddux* v. *County Bank,* 129 Cal. 665 [62 P. 264, 79 Am.St.Rep. 143]; *Harvey* v. *Griffiths,* 133 Cal.App. 17, 23 [23 P.2d 532]; *Kittridge* v. *Stevens,* 16 Cal. 381; *Brown* v. *Brown,* 170 Cal. 1 [147 P. 1168]; *Brown* v. *Brown,* 170 Cal. 8 [147 P. 1171]; *Wattson* v. *Dillon,* 6 Cal.2d 33 [56 P.2d 220]; *San Gabriel Valley Bank* v. *Lake View Town Co.,* 7 Cal. Unrep. 266 [86 P. 727]; *Fry* v. *Baltimore Hotel Co.,* 80 Cal.App. 415 [252 P. 752]; 128 A.L.R. 472; 29 Cal.Jur.2d, Judgments, § 235.)

We are left, then, with no agreement, compromise or settlement, with nothing more than a judgment whose roll on its face unquestionably decides the question of defendant's liability. Even assuming that that judgment was the result of a compromise by the jurors, it must create an estoppel—be res

judicata—unless it may be ignored by reason of some legal ground on which it may be attacked. When such an attack is made in response to a plea of res judicata as to such a judgment, it is collateral (*Gagnon Co., Inc.* v. *Nevada Desert Inn,* 45 Cal.2d 448 [289 P.2d 466]) and the majority opinion cites no authority for collaterally attacking a judgment on the ground that the jury reached its verdict underlying the judgment by compromise. Indeed, the majority opinion admits a collateral attack is not available because it says a res judicata judgment is final and binding as between the immediate parties thereto. It is no answer to say that the judgment is not res judicata because being based on a compromise verdict the issue of liability was not determined. (See *supra,* quotation from *Helpling* v. *Helpling,* 50 Cal.App. 676, 682.) If the jury did not decide that issue, it decided nothing, and the judgment entered on its verdict would not be binding on the parties thereto. To say it did not decide the issue is to ignore the pleadings, verdict and judgment, and to permit a collateral attack on the judgment which is not permitted.

If the majority opinion is permitted to stand, every judgment entered on a verdict in a personal injury action where the amount of the verdict is less than the special damages proved, will be void and subject to collateral attack even after it becomes final. In other words, there will be no judgment and the case will remain undetermined to the same extent as if the jury had failed to agree on either the issue of liability or damages. The foregoing conclusion must follow from the reasoning of the majority, as the judgment in favor of plaintiff-husband, which established defendant's liability for the injuries suffered by both husband and wife, became final, and must be res judicata unless it may be collaterally attacked. If it may be collaterally attacked, it is void, and the case, even as to plaintiff-husband, has not been determined. I am sure the majority would not consciously so hold.

I would, therefore, reverse the judgment and instruct the trial court to proceed to trial on the sole issue of the amount of damages suffered by Virginia.