[Sac. No. 2122. Department Two.—April 7, 1915.]

RUBY D. BROWN, Respondent, v. EVA S. BROWN, Administratrix of the Estate of John S. Brown, Deceased, Appellant.

DIVORCE—ALLEGATION IN COMPLAINT OF NONEXISTENCE OF COMMUNITY PROPERTY—DEFAULT OF DEFENDANT—FINAL JUDGMENT NOT MENTIONING PROPERTY RIGHTS.—*Brown* v. *Brown, ante,* p. 1, followed, to the effect that in an action by a wife for a divorce upon a complaint which alleges that there is no community property, if the defendant, after personal service, makes default and final judgment is rendered dissolving the marriage but making no order, direction, or even mention of property or other right, such judgment operates as an adjudication that at the time the action was begun there was no community property, and estops the wife from claiming any interest in community property acquired by the husband prior to the commencement of the action.

APPEAL from a judgment of the Superior Court of Sacramento County. Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

Harris & March, and H. C. Beach, for Appellant.

J. C. Sims, Myer Jacobs, and T. E. Pawlicki, for Respondent.

SHAW, J.—This action in all except two particulars, is the same as the action of *Brown* v. *Brown,* (Sac. No. 2121),

*ante,* p. 1 [147 Pac. 1168], this day decided. We refer to that action for a more particular statement of the facts. The appeal is by the defendant from the judgment in favor of the plaintiff, declaring that the plaintiff was entitled to a division of the proceeds of a life insurance policy belonging to the estate of John S. Brown, deceased.

The only difference between this case and the other case above mentioned, is that here the property is personal property while there it was real estate, and here it consists of an insurance policy which had become the property of Brown before the action for divorce was begun. In consequence of the date of its acquisition by Brown, said policy, if it was community property, was in existence as such at the time the action for divorce was begun. Upon the principles laid down in case No. 2121, aforesaid, it would follow that the judgment of divorce, based upon the complaint declaring that there was no community property, is a conclusive determination against the plaintiff that this property is not community property, and by said judgment she is estopped from claiming any interest whatever in this part of the estate of Brown.

The judgment is reversed.

Sloss, J., and Angellotti, C. J., concurred.