[Civ. No. 7958.   Second Appellate District, Division Two.—August 13, 1931.]

In the Matter of the Estate of NELLIE A. MONTAGUE, Deceased. FRANK P. MONTAGUE, Administrator, etc., Appellant, v. FLORA J. BENJAMIN et al., Respondents.

Catherine A. McKenna and J. Irving McKenna for Appellant.

Lewis H. Smith, Archie A. Smith and Manley C. Davidson for Respondents.

CRAIG, J.—Upon objection to the first and final account of the appellant as administrator of the estate of Nellie A. Montague, deceased, and a petition to determine heirship and distributive rights, filed by the sisters and a brother of said deceased, a decree was made and entered apportioning the estate to appellant and to the said petitioners. The administrator appealed from that portion of the decree which distributed a part of the estate to persons other than himself.

The appellant and Nellie A. Montague intermarried in 1915. On or about May 15, 1925, they ceased living together, and on April 21, 1928, appellant filed a complaint alleging desertion and that "there are no children as the result of said marriage, nor is there any community property". An interlocutory decree was granted pursuant to personal service and the entry of a default in said action. By his petition for letters of administration in this proceeding appellant represented himself as the only heir at law of said deceased, and in his first and final account he averred that the whole thereof was community property, praying a decree "distributing all of the said estate to Frank P. Montague, surviving husband of the said deceased". However, upon the appearance of the respondents, and after hearing the evidence, the trial court awarded one-half of the estate to them. It is contended that this was error. That the parties to the divorce action had agreed upon a reconciliation, that a form of dismissal had been prepared, and other extraneous matters, are asserted by the appellant's brief, but they are not supported by the record, and in any event are immaterial.

The parties had not lived together as husband and wife for a period of at least three years, and about eleven months prior to the filing of said first and final account it was adjudged and decreed that all of the allegations of the complaint for divorce were true, that is, that there was then no community property, which is equivalent to a judgment based upon findings of fact that whatever property the decedent may then have had was her separate property. The findings and decree were introduced and are a part of the record in this matter. No appeal or order purporting to nullify the former decree was effected. Hence it becomes too obvious to require extended discussion that the claim that any part of said estate was community property is without foundation, for the reason that the interlocutory decree became final and conclusive six months from the date of its entry, and prior to the filing of the petition for distribution. (Civ. Code, sec. 169; *Brown* v. *Brown*, 170 Cal. 1 [147 Pac. 1168]; Id., 170 Cal. 8 [147 Pac. 1171].)

The decree is affirmed.

Works, P. J., and Archbald, J., *pro tem.*, concurred.