[Civ. No. 2896. Fifth Dist. Apr. 25, 1977.]

MARIANNE T. IRWIN, Plaintiff and Respondent, v.
LARRY B. IRWIN, Defendant and Appellant.

**COUNSEL**

Allen, Van Winkle & Ivey and William T. Ivey, Jr., for Defendant and Appellant.

Kane, Canelo & Walker and Ronald W. Hansen for Plaintiff and Respondent.

**OPINION**

**GARGANO, Acting P. J.**—Defendant Larry B. Irwin appeals from a judgment of the Superior Court of Merced County declaring that plaintiff Marianne T. Irwin, defendant's former wife, has a 37½ percent interest in defendant's retirement pension. His only contention in this appeal is that under the doctrine of res judicata the instant action brought by plaintiff to establish her interest in defendant's retirement pension was barred by a prior judgment dissolving the parties' marriage. We recite the facts briefly.

Plaintiff and defendant were married on January 3, 1953; they separated almost 15 years later, on December 9, 1967. Prior to and during most of the marriage defendant was a member of the United States Air Force; he retired in April 1971 and upon retirement acquired a vested interest in his military retirement pension.

On September 26, 1972, plaintiff, in propria persona, filed a petition in the Superior Court of Merced County seeking a dissolution of her marriage with defendant. The petition was on the printed form prescribed by rule 1281 of the California Rules of Court and contained the statistical information required by section 429.10 of the Code of Civil Procedure.[1] Plaintiff placed an "X" in the box appearing in part 3 of the

---

[1] See appendix for a facsimile of the petition prescribed by rule 1281 of the California Rules of Court, *post*, at pages 323-324.

petition immediately preceding the words, "There is no property subject to disposition by the court in this proceeding." She also left box "d" in part 5 of the petition blank indicating that she was not requesting that the property rights of the parties be determined as provided by law.

On December 6, 1972, the superior court conducted a hearing on plaintiff's petition to dissolve the marriage; defendant had defaulted, and the court asked plaintiff several questions pertaining to her husband's income; plaintiff told the court that her husband was receiving a military retirement pension in the amount of $300 per month.

On December 18, 1972, the court entered an interlocutory judgment dissolving the marriage; the final judgment of dissolution of marriage was entered eight months later on August 22, 1973. Neither the interlocutory judgment nor the final judgment mentioned property rights of any kind. Thereafter, on April 25, 1975, plaintiff commenced the present action claiming a community property interest in her former husband's military retirement pension. As we have indicated, defendant has appealed from the judgment declaring that plaintiff had a 37½ percent interest in his pension.

In this state the division of marital property need not be litigated in the proceeding brought to dissolve the marriage. This is true because California adheres to the concept of "divisible divorce" (*Lopez* v. *Lopez* (1965) 63 Cal.2d 735, 737 [48 Cal.Rptr. 136, 408 P.2d 744]; *Hull* v. *Superior Court* (1960) 54 Cal.2d 139, 147 [5 Cal.Rptr. 1, 352 P.2d 161]), and, hence, controversies over matters collateral to the issue of the dissolution of the marriage, such as the division of marital property, the custody of minor children and under appropriate circumstances, spousal support, may be litigated in a separate action. (*Hull* v. *Superior Court, supra,* 54 Cal.2d 139, 147-148; *Hudson* v. *Hudson* (1959) 52 Cal.2d 735, 744-745 [344 P.2d 295]; *Estate of Williams* (1950) 36 Cal.2d 289, 292-293 [223 P.2d 248, 22 A.L.R.2d 716]; *In re Marriage of Fink* (1976) 54 Cal.App.3d 357, 362 [126 Cal.Rptr. 626]; *Green* v. *Green* (1944) 66 Cal.App.2d 50, 59 [151 P.2d 679]; *Callnon* v. *Callnon* (1935) 7 Cal.App.2d 676, 680 [46 P.2d 988]; see *In re Marriage of Stuart* (1972) 27 Cal.App.3d 834, 837-838 [104 Cal.Rptr. 395]; cf. *See* v. *Superior Court* (1961) 55 Cal.2d 279, 280-281 [10 Cal.Rptr. 634, 359 P.2d 32]; *Chichester* v. *Chichester* (1964) 228 Cal.App.2d 491, 495-496 [39 Cal.Rptr. 553].) Accordingly, it has long been the general rule that if the property of the marital partners is not mentioned or distributed by the interlocutory or final judgments dissolving the marriage, then the issue of property rights

is not deemed to have been adjudicated in the marriage dissolution proceeding and may be made the subject of an independent action. (*Estate of Williams, supra,* 36 Cal.2d 289, 292-293; *Tarien* v. *Katz* (1932) 216 Cal. 554, 559 [15 P.2d 493, 85 A.L.R. 334]; *Metropolitan Life Ins. Co.* v. *Welch* (1927) 202 Cal. 312, 318 [260 P. 545].)

However, prior to the adoption of the Family Law Act (Civ. Code, div. 4, pt. 5, § 4000 et seq., eff. Jan. 1, 1970), an exception was made to the general rule. Under this exception, at least as to the party filing the complaint for divorce, the issue of property rights was deemed to have been adjudicated, though not mentioned in the interlocutory or final judgment of divorce, if the divorce complaint alleged that there was "no community property" and if a default judgment was entered against the defendant; under such circumstances, the divorce decree operated as an adjudication that at the time the divorce action was begun there was no community property. (*Brown* v. *Brown* (1915) 170 Cal. 1, 5-6 [147 P. 1168]; see *Estate of Williams, supra,* 36 Cal.2d 289, 293-295; *Brown* v. *Brown* (1915) 170 Cal. 8, 9 [147 P. 1171].) Defendant fastens upon this exception to argue that plaintiff's claim to a community property interest in his retirement pension was adjudicated in the marriage dissolution proceeding and that her present lawsuit is barred by the doctrine of res judicata. He insists that by placing an "X" in the first box appearing in part 3 of the petition for dissolution of marriage, immediately preceding the words, "There is no property subject to disposition by the court in this proceeding," and by neglecting to request the court to determine the property rights of the parties as provided by law, plaintiff alleged in essence that there was no community property.

Arguably, one who petitions for the dissolution of a marriage and who states that there is no property subject to disposition by the court in that proceeding is indicating that there is no community property to be distributed. On the other hand, the phrase, "[t]here is no property subject to disposition by the court in this proceeding," when viewed in the light of California's concept of a "divisible divorce" is ambiguous; it is equally plausible to argue that a petitioner who places an "X" in the first box of part 3, and who does not request that property rights be determined as provided by law, merely is reserving the right to have the collateral matter resolved at some later proceeding; if this were so, the doctrine of res judicata would be inapplicable.

█ We subscribe to the viewpoint that the doctrine of res judicata should not be applicable in a case of this nature. As we have

demonstrated, the phrase in question is reasonably susceptible to conflicting interpretations; it is settled that a judgment should not be the basis for the application of the doctrine of res judicata if anything is left to conjecture as to what was necessarily involved and decided. (*Title Guarantee & Trust Co.* v. *Monson* (1938) 11 Cal.2d 621, 632 [81 P.2d 944]; *Beronio* v. *Ventura Co. Lumber Co.* (1900) 129 Cal. 232, 236 [61 P. 958]; *Stout* v. *Pearson* (1960) 180 Cal.App.2d 211, 216 [4 Cal.Rptr. 313].) █ Furthermore, an interpretation that the disputed phrase means "no community property" would result in a forfeiture; it is basic that the law abhors forfeitures and that statutes or rules must be strictly construed to avoid them whenever possible. (See 22 Cal.Jur.2d (1955) Forfeitures and Penalties, § 5, p. 504.)

Because there are conflicting inferences in the evidence as to what plaintiff meant by placing the "X" in the first box appearing in part 3 of the printed form of the petition for dissolution of marriage, we uphold the trial court's findings in favor of plaintiff. (See generally 4 Witkin, Cal. Procedure (2d ed. 1971) Judgment, § 41, p. 3209; see also *Parsons* v. *Bristol Development Co.* (1965) 62 Cal.2d 861, 865 [44 Cal.Rptr. 767, 402 P.2d 839].)

The judgment is affirmed.

Franson, J., and Hopper, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 23, 1977.

# APPENDIX

| | |
|---|---|
| Name, Address and Telephone Number of Attorney (s) | Space Below for Use of Court Clerk Only |
| Attorney (s) for................................................................ | CLK 0025.00 E01-70 R06-72 |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ............................................

In re the marriage of

Petitioner:

and

Respondent:

CASE NUMBER

**PETITION (MARRIAGE)**

1. **This petition is for:**

 ☐ Legal separation of the parties pursuant to
 ☐ Civil Code Section 4506 (1)
 ☐ Civil Code Section 4506 (2)

 ☐ Dissolution of the marriage pursuant to.
 ☐ Civil Code Section 4506 (1)
 ☐ Civil Code Section 4506 (2)
 ............................................ has been a resident of this state for at least six months and of this county for at least
 (Petitioner/Respondent)
 three months immediately preceding the filing of this petition.

 ☐ Nullity of the marriage pursuant to:
 ☐ Civil Code Section 4400
 ☐ Civil Code Section 4401
 ☐ Civil Code Section 4425 ( )

2. **Statistical information:**

 a. Husband's social security number: ............................ Wife's social security number: ....................................

 b. Date and place of marriage· ........................................................................................................................

 c. Date of separation: .. .. ...................................... ... . The number of years from date of marriage to date of
 separation is: .............. years, .. ..............months,.... ... . ....days.
 d. There are.............. ... children of this marriage including the following minor children:
 (Number)

 | Name | Birthdate | Age | Sex |
 |---|---|---|---|
 | | | | |

Form Adopted by Rule 1281 of
Judicial Council of California

PETITION (MARRIAGE)

3. **Property statement:**

☐ There is no property subject to disposition by the court in this proceeding.

☐ All property otherwise subject to disposition by the court in this proceeding has been disposed of by written agreement of the parties.

☐ *The following described property is subject to disposition by the court in this proceeding:*

4. Petitioner requests that the following described property be confirmed as petitioner's separate property:

5. *Petitioner requests that:*

a. ☐ Custody of children be awarded: ..................... ..................................................................................... .

(Petitioner/Respondent/Other [Specify] )

b. ☐ Support of children be awarded

c. ☐ Spousal support............... be awarded..................................................
(not) (Petitioner/Respondent)

d. ☐ Property rights be determined as provided by law

e. ☐ Attorney's fees and costs................be awarded............................................
(not) (Petitioner/Respondent)

and that the court inquire into the status of the marriage and render such judgments and make such injunctive or other orders as are appropriate.

Petitioner declares under penalty of perjury that the foregoing, including any attachments, is true and correct and that this declaration was executed on........................... ....................at ....................................................., California.

(Signature)

--------------------------------------------------------- ...................... ........ . ...... ... . ..... . . .... ... . . . . .... . .....

 (Attorney for Petitioner) (Type/print name)

A declaration under penalty of perjury must be executed within California. An affidavit is required if executed outside California.