[Civ. No. 43610. First Dist., Div. One. Mar. 23, 1979.]

HERMAN GONZALES, Plaintiff and Respondent, v.
CONCORD GARDENS MOBILE HOME PARK, LTD.,
Defendant and Appellant.

COUNSEL

de Krassel & Tierney and Timothy T. Tierney for Defendant and Appellant.

Willard E. Stone for Plaintiff and Respondent.

OPINION

**ELKINGTON, J.**—Plaintiff Herman Gonzales was a contractor, licensed by the Contractors' State License Board under the provisions of the Contractors License Law found in Business and Professions Code sections 7000-7161. He commenced an action against defendant Concord Gardens Mobile Home Park, Ltd. (Concord Gardens), and others, to recover money owed him for services as such a contractor. Its first count sought to establish and foreclose a mechanic's lien; its second was for the reasonable value of materials and labor furnished "at the special instance and request of defendant . . . ." The first cause of action was dismissed for reasons unrelated to this appeal, but on the second count the contractor recovered judgment for $7,349.19. Concord Gardens alone has appealed from the judgment.

## I.

Concord Gardens first contends: "The court erred by not dismissing the second cause of action for failure to comply with Business and Professions Code section 7018."

Business and Professions Code section 7018 provides: "On or before June 30, 1966, the board shall prescribe a form entitled 'Notice' which shall describe the pertinent provisions of this state's lien laws. Each contractor licensed under this chapter, prior to receiving from the owner of property or his agent any payment for work for which a contractor's license is required, shall give a copy of this 'Notice' to the payor."

The "board" had timely prescribed such a "form entitled 'Notice,' " and the contractor had neglected to give a copy of it to Concord Gardens. Concord Gardens contends that such notice was a statutory condition precedent to the contractor's action, which accordingly should have been dismissed.

It will be seen that Concord Gardens' proposed construction of section 7018 would impose a forfeiture upon the contractor. "The law traditionally disfavors forfeitures and statutes imposing them are to be strictly construed." (*People* v. *United Bonding Ins. Co.,* 5 Cal.3d 898, 906 [98 Cal.Rptr. 57, 489 P.2d 1385]; and see *Irwin* v. *Irwin,* 69 Cal.App.3d 317, 322 [138 Cal.Rptr. 9]; *People* v. *Surety Ins. Co.,* 30 Cal.App.3d 75, 79 [106 Cal.Rptr. 220].)

Such a forfeiture, or threat of it, is unnecessary in order to enforce, or otherwise give effect to, section 7018. Section 7115 of the Business and Professions Code provides that failure in any material respect to comply with the Contractors License Law constitutes a cause for disciplinary action thereunder.

Further, it is observed that the Contractors License Law's section 7031 provides that no contractor such as the plaintiff Gonzales, "may bring or maintain any action" to recover compensation for services as a contractor "without alleging and proving that he was a duly licensed contractor . . . ."* There the forfeiture provision is *expressly* stated, and it will be

---

*The full text of Business and Professions Code section 7031: "No person engaged in the business or acting in the capacity of a contractor, may bring or maintain any action in any court of this state for the collection of compensation for the performance of any act

enforced by the courts. (See *Lewis & Queen* v. *N.M. Ball Sons,* 48 Cal.2d 141, 151 [308 P.2d 713]; *Rushing* v. *Powell,* 61 Cal.App.3d 597, 605 [130 Cal.Rptr. 110].)

It is of course the general rule that one may bring an action for breach of contract, or for the reasonable value of labor and materials furnished at another's request. The Contractors License Law however, and as noted, has *expressly* provided by section 7031 that an unlicensed contractor may not maintain such an action. But the same law, for violation of section 7018, imposes no similar harsh sanction. The doctrine of *expressio unius est exclusio alterius* must reasonably be applied.

"If a statute enumerates the persons or things to be affected by its provisions, there is an implied exclusion of others, and if a statute specifies one exception to a general rule [here the right to maintain an action for labor and materials furnished], other exceptions or effects are excluded; . . . It is an elementary rule of construction that the expression of one excludes the other. And it is equally well settled that the court is without power to supply an omission." (*Estate of Pardue,* 22 Cal.App.2d 178, 180-181 [70 P.2d 678].) "Under the familiar maxim of *expressio unius est exclusio alterius* it is well settled that, when a statute expresses certain exceptions to a general rule, other exceptions are necessarily excluded." (*Collins* v. *City & Co. of S. F.,* 112 Cal.App.2d 719, 731 [247 P.2d 362]; and see *Wildlife Alive* v. *Chickering,* 18 Cal.3d 190, 195 [132 Cal.Rptr. 377, 553 P.2d 537]; *McGahey* v. *Forrest,* 109 Cal. 63, 69 [41 P. 817]; *Harris* v. *Alcoholic Beverage Control Appeals Board,* 201 Cal.App.2d 567, 571-572 [20 Cal.Rptr. 227].) And a statutory "declaration that the court had power . . . to dismiss an action upon the conditions prescribed implied the negative of the power to dismiss unless such conditions existed." (*Johnston* v. *Baker,* 167 Cal. 260, 264-265 [139 P. 86].)

Under these principles we hold that Business and Professions Code section 7018 does not deprive a contractor who violates its direction of the right to bring and maintain an action on contract, or for services, as such a contractor.

---

or contract for which a license is required by this chapter without alleging and proving that he was a duly licensed contractor at all times during the performance of such act or contract, except that such prohibition shall not apply to contractors who are each individually licensed under this chapter but who fail to comply with Section 7029."

## II.

Concord Gardens' next contention is: "Plaintiff was precluded from bringing the second cause of action for failure to comply with Business and Professions Code section 7030."

Section 7030 provides: "(a) Every person licensed pursuant to this chapter shall include the following statement in prominent type on all written contracts with respect to which such person is a prime contractor: Contractors are required by law to be licensed and regulated by the Contractors' State License Board. Any questions concerning a contractor may be referred to the registrar of the board whose address is

"Contractors' State License Board
1020 N Street
Sacramento, California 95814

"(b) For the purposes of subdivision (a), 'prominent type' means at least 10-point boldface type, and in no event type less than two points larger than the type in any other portion of the written contract."

The contractor's now dismissed first cause of action was based upon a written contract in which the "inclusion" required by section 7030 was omitted. Concord Gardens here makes the same argument as was made in respect of section 7018.

For the reasons expressed in part I above this contention is also found invalid.

## III.

The remaining appellate contention is expressed in this manner: "There was insufficient evidence to establish the reasonable value of plaintiff's services and labor rendered."

Without objection, at the trial the contractor testified that "it cost me" "for the finishers and the laborers in this sum shown here, $5,006.76," and that the "total shown here for the equipment rented is $1,591.43," and is "correct." Another qualified witness testified that the $7,349.19 charge of the contractor was "a fair and reasonable charge for the work and material done and performed by him," and "As a matter of

fact, 15 percent overhead is very, very low. I don't know of anyone doing it for that." Such testimony was substantial evidence of "the reasonable value of plaintiff's services and labor rendered." The instant contention also is invalid.

For these several reasons the judgment of the superior court will be affirmed.

Affirmed.

Racanelli, P. J., and Newsom, J., concurred.