[Civ. No. 16977. Fourth Dist., Div. One. Apr. 3, 1979.]

In re the Marriage of CYNTHIA DIANE and
JACK MILTON WALTERS, JR.
CYNTHIA DIANE WALTERS, Appellant, v.
JACK MILTON WALTERS, JR., Respondent.

## COUNSEL

Daubney & Banche and William Henry Daubney for Appellant.

Robert S. Walwick for Respondent.

## OPINION

**EHRENFREUND, J.\***—We are called upon to decide whether in a bifurcated marital dissolution proceeding the community property should

---

*Assigned by the Chairperson of the Judicial Council.

be valued at the time the marital relationship is dissolved or at the time the community property is divided by the court. We treat the question as one of first impression.

█ Cynthia Walters (wife) appeals from the judgment dividing the community property in which the court evaluated the community residence at $50,000, its value at time of trial in which the property was divided. Her sole contention on appeal is that the property should have been valued at $26,000, its value two years earlier when the marriage was dissolved.

On October 15, 1975, the wife obtained an interlocutory judgment of dissolution of her marriage from her husband, Jack Walters, by default. The judgment also granted the residence to the wife as her separate property. On June 9, 1977, the trial court granted the husband's motion "to vacate all community property provisions in the Interlocutory Judgment of Dissolution of Marriage entered on October 15, 1975 . . . ." This order had the effect of restoring the previously existing property status and the situation was the same as if the property judgment had never been made (*Estate of Edwards* (1972) 25 Cal.App.3d 906, 912 [102 Cal.Rptr. 216]). Both parties agree the court's order in no way restored the marital relationship. The only substantial property at issue is the community residence. █ Under California's "divisible divorce" concept, if property is not divided by the interlocutory or final judgment dissolving the marriage, then the issue of property rights is not adjudicated in the dissolution proceedings and may be the subject of a later independent proceeding. (*Irwin* v. *Irwin* (1977) 69 Cal.App.3d 317, 320-321 [138 Cal.Rptr. 9].) Therefore the trial court in 1977 was entitled to determine anew the question of value and division of property.

At the 1975 dissolution hearing the residence had a value of $26,000. After the dissolution the wife made the house payments and continued to live in the residence with her child. In 1977, the time of the trial in which the property was divided by the court, the value of the residence had increased to $50,000. The court ordered the parties to sell the home and to divide the proceeds equally. The wife urges this court to find any increase in value after the 1975 dissolution to be her separate property. Under such theory, the husband would receive $13,000 of the $50,000 sale proceeds (one-half of $26,000) and the wife would receive the remainder. █ We conclude the trial court's decision to value the property at the time of the 1977 trial is supported by Civil Code section 4800,

subdivision (a) as well as equitable considerations, and affirm the judgment.

Civil Code section 4800, subdivisions (a) and (b) provide in part: "Except upon the written agreement of the parties, or on oral stipulation of the parties in open court, the court shall, either in its interlocutory judgment or dissolution of the marriage, in its judgment decreeing the legal separation of the parties, or at a later time if it expressly reserves jurisdiction to make such a property division, divide the community property and the quasi-community property of the parties, including any such property from which a homestead has been selected, equally. *For purposes of making such division, the court shall value the assets and liabilities as near as practicable to the time of trial, except that, upon 30 days' notice by the moving party to the other party, the court for good cause shown may value all or any portion of the assets and liabilities at a date after separation and prior to trial to accomplish an equal division of the community property and the quasi-community property of the parties in an equitable manner.* (Italics added.)

"Notwithstanding subdivision (a), the court may divide the community property and quasi-community property of the parties as follows:

"(1) Where economic circumstances warrant, the court may award any asset to one party on such conditions as it deems proper to effect a substantially equal division of the property."

Thus the court is directed to value the property as near to the date of trial as possible. (See *In re Marriage of Imperato* (1975) 45 Cal.App.3d 432, 436 [119 Cal.Rptr. 590]; *In re Marriage of Lopez* (1974) 38 Cal.App.3d 93, 110 [113 Cal.Rptr. 58].) Upon proper motion the court may use an earlier valuation date where good cause is shown. No such special motion was filed in this case.

The dispute here arises over the meaning of "trial" as used in Civil Code section 4800, subdivision (a). The wife contends it refers to the proceeding in which the marriage was dissolved. The husband maintains it means the trial in which the property is divided. Since the language is part of a 1976 amendment to the statute, there is little authority on the question.

In *In re Marriage of Fischer* (1976) 78 Cal.App.3d 556 [146 Cal.Rptr. 384] there was, as here, bifurcated proceedings. The judgment of dissolution of marriage was followed by a trial on the division of the

property. On appeal the court reaffirmed the rule that the property should be evaluated at time of trial. The issue was not raised as to whether the date of trial meant the date of the dissolution hearing or the date of the trial dividing the property. Yet in determining the proper division the court used the value at the date of the property division trial.

Initially we note that the hearing on entry of a default judgment in 1975 did not resolve contested issues and therefore was not a trial (*Langan* v. *McCorkle* (1969) 276 Cal.App.2d 805, 809 [81 Cal.Rptr. 535]; 4 Witkin, Cal. Procedure (2d ed. 1971) p. 2760). But our opinion is not based on such technical distinctions. We believe a reasonable interpretation of the language, "For purpose of making such division, the court shall value the assets and liabilities as near as practicable to the time of trial . . ." is that the word "trial" refers to the trial on the division of property. There was only one such trial in this case and that was the 1977 proceeding.

Division and value of property go hand in hand. The division generally depends on the value and the court is in a better position to determine value at the time it divides the property than at some other date. Unless compelling reasons exist to do otherwise, property should be valued as of the time it is divided. We are persuaded primarily by equitable considerations. The wife contends it is unfair to use the later date in this case because the home increased in value and she should have the benefit of that increase. However, she will reap such benefit by the award of one-half of the increased valuation. She has also had exclusive use of the home for two years. Although half the property belonged to the husband for those two years, he has enjoyed no benefit from it.

For purposes of showing the inequity which could result if we adopted the rule urged by the wife, let us assume that instead of increasing in value, the property decreased from $26,000 at the date of dissolution in 1975 to $13,000 at the date of trial in 1977. If the court valued the property as of the date of dissolution and the husband took half of that value, he would take the entire $13,000 and the wife would receive nothing. Civil Code section 4800 requires the court to divide the community property equally. This the court did in awarding one-half the proceeds of the sale of the home to each party. Under the circumstances of this case we conclude it is fair that both parties share in the increased valuation. (See *In re Marriage of Imperato, supra,* 45 Cal.App.3d 432, 437.) There is no evidence the increase in value resulted from anything but nonpersonal factors such as inflation and market fluctuation. Were that not the case, reimbursement to the wife might be proper.

The wife relies primarily on *Randolph v. Randolph* (1953) 118 Cal.App.2d 584 [258 P.2d 547] to support her contention regarding the valuation date. Unlike our case, Randolph involved a single proceeding in which the marriage was dissolved and the property evaluated and divided. At issue was whether husband's business should be valued at the date of trial or at the date of separation many years earlier. The court said: "Evidently the value of property to be divided must be taken as of a date as near as possible to the date of the dissolution of the marital community." (*Id.,* at p. 588.)

However, in *Randolph,* the "date of the dissolution of the marital community" was the same as the date of the trial which dissolved the marriage and divided the property. Thus, *Randolph* does not hold that community property be valued at the time of the dissolution proceeding. Rather, it stands for the proposition that where the division of property and dissolution of marriage are addressed in a single trial, then that trial date is the date of valuation.

Moreover, at the time of the *Randolph* decision, the amendment to Civil Code section 4800 was not yet enacted and the concept of "divisible divorce" was in its infancy. (See *Irwin v. Irwin, supra,* 69 Cal.App.3d 317, 320 and cases cited.) *Randolph* does not address the issue of two proceedings presented here.

The wife also contends husband should be denied the benefit of a higher evaluation on the theory of laches and estoppel because he could pick the date of valuation. Her contention has no merit. By the trial judge's order, either party could set the matter for trial on the property division. Once the case came to trial, only the judge could determine the valuation date. The husband had no greater control over the action than did the wife.

The judgment is affirmed.

Cologne, Acting P. J., and Staniforth, J., concurred.