Filed 8/21/23  Marriage of Cerny CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of VICTORIA and TIMOTHY CERNY. | D082233 |
| VICTORIA REDA CERNY,<br><br>Respondent,<br><br>v.<br><br>TIMOTHY JOSEPH CERNY,<br><br>Appellant. | (Super. Ct. No. RID1403722) |

APPEAL from an order of the Superior Court of Riverside County, John W. Vineyard, Judge.  Affirmed.

James Migler for Appellant.

No appearance for Respondent.

Timothy and Victoria Cerny's marriage was dissolved following a contested trial on May 31, 2018.  As part of the ensuing judgment and related order, the superior court awarded the family home to Victoria as her sole and separate property.  Per the court's order, Victoria was to refinance the home by a date certain, and if she did not do so, absent good cause, the court would

order the home sold.  Timothy was entitled to his one half-interest in the home subject to any offsets or credits.

After the dissolution, Timothy would not cooperate with Victoria to obtain refinancing.  As such, Victoria had to request the appointment of an elisor.  However, Timothy recorded a lis pendens against the subject deed of trust, which made it more difficult for Victoria to obtain a conventional refinance loan.  Therefore, she ended up obtaining a private loan to refinance the property.

Because Timothy did not accept half of the refinance amount that Victoria offered him, Victoria filed a request for an order to determine the amount she owed Timothy as well as the value of the lis pendens.  Following a trial on limited issues on June 6, 2022, the court determined that the proper date of valuation of the property was the date of the dissolution trial (May 31, 2018).

Timothy appeals, contending the superior court erred in determining the date of valuation of the family home. Because the superior court did not abuse its discretion in making its determination, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Victoria and Timothy married on April 23, 1988.  On September 3, 2014, Victoria petitioned for dissolution of her marriage to Timothy.  After a contested trial on May 31, 2018, the court entered a judgment of dissolution. The court found the date of separation was September 3, 2014, determined various credits and offsets, and awarded the family home in Riverside County to Victoria as her sole and separate property.  Regarding the home, the court ordered:

> "Petitioner shall refinance the home by end of business on
> 9/28/18.  If petitioner does not refinance the home by
> 9/28/18, absent good cause, the court will impose a judicial

2

lien on the property and order the house sold. This order is self-executing. Respondent shall be entitled to his one-half interest in the home minus any offsets or credits. Both sides shall cooperate with either the refinance, including the signing of the Grant Deed or Quitclaim, or the realtor to effectuate the refinance or sale. The court reserves over the disposition of the house."

On August 6, 2018, Victoria obtained an appraisal of the home, which set forth a value of $364,000. When Timothy did not agree to the value as stated in the August 6, 2018 appraisal, Victoria obtained a second appraisal, which was completed on December 18, 2018. That appraisal was similar to the previous appraisal in that it valued the home at $360,000.

On January 7, 2019, Victoria requested an appointment of an elisor because Timothy refused to sign the deed, preventing her from refinancing the family home. After a hearing on February 6, 2019, the court ordered an elisor, on behalf of Timothy, to sign a grant deed and other documents regarding ownership of the home. These documents were to be used to refinance the home. Timothy then recorded a lis pendens, clouding title to the home.

On October 15, 2020, Victoria filed a motion to expunge the lis pendens. The court denied that motion on January 20, 2021.

On April 1, 2021, Victoria filed a request for order to determine the amount she owed Timonthy as well as the value of the lis pendens. In support of her request, Victoria filed proposed calculations, which argued, among other things, that the value of the home should be set at the date of the dissolution trial (May 31, 2018). Accordingly, she maintained that the August 6, 2018 appraisal provided a value of the home closest in time to the trial date.

3

Timothy filed an opposition to the request for an order, arguing that the court should value the home as of the date of the opposition (May 24, 2021). Timothy insisted that the court did not address valuation of the home at the May 2018 dissolution trial; thus, it was appropriate for the court to choose the later date to value the home. He opined the home was worth $500,000. Timothy contended that Victoria was solely responsible for the delay in valuation and disposition of the home. Subsequently, Timothy submitted a supplemental declaration with an August 19, 2021 appraisal of the home, which valued the home at $484,000.

The superior court held a trial on June 6, 2022. Victoria and Timothy were the only witnesses. Victoria testified that Timothy's unwillingness to help facilitate a refinance as well as the recording of the lis pendens prevented her from obtaining a conventional refinance loan. Thus, in 2019, she obtained a hard money loan from a private lender with a higher interest rate than what conventional lenders were offering. Further, after obtaining the refinance, Victoria offered Timothy $160,000 for his one-half interest in the home. He refused to accept the money.

Timothy testified that he did not understand that the court awarded the family home to Victoria as her separate property at the May 2018 trial. He also claimed not to have any knowledge of the August or December 2018 appraisals.

After the close of trial, the superior court issued a written ruling in which it made certain factual findings. For example, the court found "[t]he evidence at trial established that [Timothy] did not cooperate with the sale or refinance of the property" as ordered by the previous judge, leading to the appointment of an elisor to execute the deed in Timothy's stead. The court found Victoria credible in that it agreed Timothy's lack of cooperation caused

4

a delay in complying with the judgment of dissolution and related orders. And in the interim, the value of the home increased substantially, and Timothy took the position that he was entitled to one-half of the increased value.

The court explained that Family Code[1] section 2552, subdivision (a) requires the court to value assets and liabilities as near as practicable to the time of trial and that the holding of *In re the Marriage of Walters* (1979) 91 Cal.App.3d 535 (*Walters*) buttressed its decision to select the date of the dissolution trial (May 31, 2018) as the date of value for the home. Thus, the court determined that the law supported valuing the home as Victoria suggested.

In addition, the court reasoned that equity "points to the same result, valuation as of May 2018." The court underscored that Timothy should not benefit with a higher valuation of the home when it was his "refusal to comply with [the previous] orders [that] delayed the refinance of the property and the increase in value, creating this controversy." Therefore, the court emphasized that "equity calls for the parties to receive the value that existed" when the community property was divided in May 2018.

Accordingly, the court ultimately determined the proper valuation date of the home was the date of trial that divided the property, May 31, 2018, and the value of the property was $364,000, the appraised value closest to the trial date. Consequently, the court found that Timothy was entitled to one half of the August 6, 2018 appraisal, $182,000, subject to offsets.

Timothy timely appealed.

---

1      Statutory references are to the Family Code unless otherwise specified.

DISCUSSION

Timothy contends the trial court erred in selecting the valuation date of May 31, 2018 (the date of the dissolution trial). We disagree.

Here, the standard of review is abuse of discretion. (*In re Marriage of Finby* (2013) 222 Cal.App.4th 977, 984; *In re Marriage of Campi* (2013) 212 Cal.App.4th 1565, 1572 (*Campi*).) Under that standard, we will reverse only if, considering all the relevant circumstances, the superior court has " ' " 'exceeded the bounds of reason' " ' " or " ' "no judge would reasonably make the same order in the same circumstances." ' " (*In re Marriage of De Guigne* (2002) 97 Cal.App.4th 1353, 1366.)

Insofar as the superior court made factual determinations, we accept those facts as true so long as they are supported by substantial evidence. (*Campi, supra,* 212 Cal.App.4th at p. 1572; *In re Marriage of Hewitson* (1983) 142 Cal.App.3d 874, 885.) To the extent our decision turns on the interpretation and application of a statute, it involves a pure question of law subject to de novo review. (*In re Marriage of Campbell* (2006) 136 Cal.App.4th 502, 507.)

Under section 2552, subdivision (a), the general rule is that community property must be valued "as near as practicable to the time of trial."[2] And "trial" refers to the trial wherein the community property is divided. (See *Walters, supra,* 91 Cal.App.3d at p. 539.)

---

[2]     Section 2552 provides: "(a) For the purpose of division of the community estate upon dissolution of marriage or legal separation of the parties, except as provided in subdivision (b), the court shall value the assets and liabilities as near as practicable to the time of trial. [¶] (b) Upon 30 days' notice by the moving party to the other party, the court for good cause shown may value all or any portion of the assets and liabilities at a date after separation and before trial to accomplish an equal division of the community estate of the parties in an equitable manner."

Here, substantial evidence supports the superior court's factual findings that Timothy refused to cooperate with Victoria to timely refinance the home. He refused to agree to either of the appraisals Victoria obtained in 2018, even though their similarity in assessed value suggested they were reliable. Timothy then further refused to sign the deed, requiring Victoria to seek appointment of an elisor. Moreover, even after Victoria successfully obtained an elisor to sign the required documents on behalf of Timothy to refinance the home, the lis pendens Timothy recorded against the home's title caused Victoria to lose her conventional refinance loan.

Timothy does not challenge the court's factual findings, but he nonetheless asserts the superior court misinterpreted the holding of *Walters*. To this end, Timothy contends *Walters* mandates reversal in the instant matter. We do not share Timothy's reading of that case.

In *Walters*, *supra*, 91 Cal.App.3d 535, an interlocutory judgment granted the family residence to the wife as her separate property. Its value at that time was $26,000. One and one-half years later, the court vacated all property provisions in the judgment, and another trial was held. The value of the residence had increased to $50,000, and the court ordered it sold and the parties to divide the proceeds equally. On appeal, the wife argued that the increase in value should be her separate property. The Court of Appeal disagreed and affirmed.

Noting that the residence had more than doubled, the reviewing court recognized that "[d]ivision and value of property go hand in hand. The division generally depends on the value and the court is in a better position to determine value at the time it divides the property than at some other date. Unless compelling reasons exist to do otherwise, property should be valued as of the time it is divided." (*Walters*, *supra*, 91 Cal.App.3d at p. 539.) The court

7

continued: "We are persuaded primarily by equitable considerations. The wife contends it is unfair to use the later date in this case because the home increased in value and she should have the benefit of that increase. However, she will reap such benefit by the award of one-half of the increased valuation. She has also had exclusive use of the home for two years. Although half the property belonged to the husband for those two years, he has enjoyed no benefit from it." (*Ibid*.) To show the inequity of what the wife was requesting, the court presented a hypothetical in which the property, instead of increasing, had decreased. In that event, the wife might receive considerably less. Thus, the court concluded it would be fair for both parties to share the increase in value. (*Ibid*.)

The instant action is not similar to *Walters*. Here, we are not faced with a situation where the court dissolved the parties' marriage at one trial and then, years later, divided their community property. To the contrary, in the May 2018 trial, the court both dissolved the marriage and divided the community property. Unlike the interlocutory judgment that was subsequently vacated in *Walters*, here, the May 2018 trial resulted in a final judgment, which Timothy did not appeal or otherwise seek to vacate.

Timothy argues the court did not divide the home at the May 2018 trial because it did not assign the home a value in the ensuing judgment. In other words, Timothy states we may only consider the home divided if the court specified a value for the home at the time it divided the property. Neither section 2552 nor *Walters* mandates such an approach. The court anticipated Victoria refinancing the home with Timothy's cooperation within four months of the dissolution trial, which would have resulted in the home being valued near the time of that trial. No further hearing regarding division of the property was anticipated. The only reason the court was required to convene

8

a subsequent proceeding was because Timothy took additional steps to thwart Victoria's attempts to refinance the home. Additionally, the court in *Walters* ultimately based its decision upon equitable considerations. As the superior court reasonably concluded here, the equities do not favor rewarding Timothy's obstructive tactics.

In summary, the superior court did not abuse its discretion in selecting a valuation date close to the May 2018 trial where the community property, including the family home, was divided. On the record before us, we certainly cannot say that the court exceeded the bounds of reason or that no court would reasonably make the same order in the same circumstances. (See *In re Marriage of De Guigne, supra*, 97 Cal.App.4th at p. 1366.)

DISPOSITION

The order is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


BUCHANAN, J.


CASTILLO, J.

9